No. 57,671

Rozena Jackson a/k/a Joann Taylor, *Appellant*, v. American Best Freight System, Inc., A Corporation; Alvin T. Kotrous and Alphonso Johnson, *Appellees.*

(709 P.2d 983)

Opinion filed December 6, 1985.

*Charles S. Scott, Sr.,* of Scott, Scott, Scott and Scott, of Topeka, argued the cause and was on the brief for appellant.

*Steven R. Fabert,* of Fisher, Patterson, Sayler and Smith, of Topeka, argued the cause, and *James E. Switzer,* of the same firm, was on the brief for appellees.

The opinion of the court was delivered by

Lockett, J.: This is an action where the passenger sought damages for personal injuries received in an automobile accident. The trial court dismissed the suit on the basis that the two-year statute of limitations had run before the appellant obtained valid service of process.

On June 30, 1981, the plaintiff, Rozena Jackson, was a passenger in a vehicle operated by Alphonso Johnson. The Johnson vehicle collided with an American Best Freight System, Inc., semi-trailer truck operated by its employee, Alvin T. Kotrous. On December 16, 1982, Jackson filed suit against American Best

Freight System, Inc. (ABF), Alvin T. Kotrous and Alphonso Johnson.

On December 16, 1982, the plaintiff obtained an order from the district court directing service on all nonresident defendants pursuant to K.S.A. 8-401 and K.S.A. 8-402. On December 21, 1982, the Shawnee County District Court Clerk directed service on the Secretary of State for Alvin T. Kotrous and ABF. When the sheriff served the papers, the Secretary of State's office under K.S.A. 8-403 simply docketed them. Since there is no fee required under the statute, the Secretary of State does not proceed with the service of process. If service had been attempted under K.S.A. 60-304(f) on ABF, a foreign corporation, a statutory fee would have been required and the Secretary of State would have completed the service of process. The return of service by the sheriff on the Secretary of State was filed with the clerk of the court on December 27, 1982. No service was obtained on Alphonso Johnson.

The two-year limitation for Jackson to commence her action under the existing statute expired on June 30, 1983. July 1, 1983, one day later, K.S.A. 60-203(b) became effective.

On November 17, 1983, after receiving notice that the case would be dismissed for lack of prosecution, the plaintiff filed a motion for default judgment, stating that defendants ABF and Kotrous, although served with process by the Secretary of State, had filed no response to the pleadings. The district court, after reviewing the court file, found that plaintiff had served the Secretary of State, but had not served notice on the defendants or filed an affidavit of service as required by K.S.A. 8-402. On March 16, 1984, the trial court ruled that service of process on the defendants was invalid and denied plaintiff's motion for default judgment.

On May 11, 1984, plaintiff's counsel filed an affidavit for service pursuant to K.S.A. 8-402 and K.S.A. 60-307. The Shawnee County District Court Clerk directed service of process and a copy of the petition to defendants ABF and Kotrous by registered mail. The defendants received notice of the action on May 21 and May 23, 1984, respectively.

Defendants Kotrous and ABF filed a motion to dismiss on June 5, 1984, claiming that service of process was invalid and that plaintiff's action was barred by the two-year statute of limitations. K.S.A. 60-513. On November 15, 1984, the trial court

sustained the motion to dismiss and ruled (1) that plaintiff's action was barred by the two-year statute of limitations; (2) that K.S.A. 60-203(b), which allows a party an additional 90 days to obtain service after the original service has been adjudicated invalid, would not be applied retrospectively to plaintiff's lawsuit; and (3) that plaintiff's second attempted service of process under K.S.A. 8-402 was also ineffective. Plaintiff appeals.

Jackson argues that K.S.A. 60-203(b), which became effective July 1, 1983, is a procedural statute which can be applied retroactively and would allow her to serve process on the defendants within 90 days after March 16, 1984, when it was adjudicated that the first service of process was improper. Defendants contend that Jackson's suit was barred by the statute of limitations and that a procedural statute cannot be applied retroactively where a limitations defense has become vested.

K.S.A. 60-203(b) provides:

"If service of process or first publication purports to have been made within the time specified by subsection (a)(1) but is later adjudicated to have been invalid due to any irregularity in form or procedure or any defect in making service, the action shall nevertheless be deemed to have been commenced by the original filing of the petition if valid service is obtained or first publication is made within 90 days after that adjudication, except that the court may extend that time an additional 30 days upon a showing of good cause by the plaintiff."

K.S.A. 60-203(b) contains no language that indicates the legislature intended for the statute to operate retroactively. A statute operates prospectively unless its language clearly indicates that the legislature intended that it operate retrospectively. *Davis v. Hughes*, 229 Kan. 91, 622 P.2d 641 (1981). This rule is normally applied when an amendment to an existing statute or a new statute is enacted which creates a new liability not existing before under the law or which changes the substantive rights of the parties. *Nitchals v. Williams*, 225 Kan. 285, 590 P.2d 582 (1979).

The plaintiff contends, however, that the statute is procedural, rather than substantive, and the statute can therefore be applied retroactively.

While generally statutes will not be construed to give them retrospective application unless it appears that such was the legislative intent, nevertheless when a change of law merely affects the remedy or law of procedure, all rights of action will be enforced under the new procedure without regard to whether

they accrued before or after such change of law and without regard to whether or not the suit has been instituted, unless there is a savings clause as to existing litigation. *Davis v. Hughes*, 229 Kan. at 101; *Lakeview Village, Inc., v. Board of Johnson County Comm'rs*, 232 Kan. 711, 659 P.2d 187 (1983).

While retrospective operation of procedural statutes has been allowed generally, where a vested right of defense exists prior to the effective date of the procedural statute, it would not be proper to allow the retrospective application of 60-203(b). Once it was established the defendants had never been served, the statute of limitations barred any further actions against them. Defendants had a vested right in the defense provided by the statute of limitations. There is no distinction between a vested right of action and a vested right of defense. Accordingly, the general rule is that a vested right to an existing defense is protected in like manner as a right of action, with the exception only of those defenses which are based on informalities not affecting substantial rights. *Pritchard v. Norton*, 106 U.S. 124, 132, 27 L.Ed. 104, 1 S.Ct. 102 (1882). The trial court was correct when it determined that under the facts of this case K.S.A. 60-203(b) did not apply retrospectively and that Jackson's action was barred by the two-year statute of limitations.

Since the plaintiff's action is barred by the two-year statute of limitations, other issues raised in the appeal need not be determined.

Judgment is affirmed.