No. 58,517

JAMES B. BRASEL and REVCO DISCOUNT DRUG STORE NO. 932, *Appellees and Cross-Appellants*, v. STATE BOARD OF PHARMACY OF THE STATE OF KANSAS, *Appellant and Cross-Appellee.*

(714 P.2d 1387)

Opinion filed February 21, 1986.

*Lynn E. Ebel,* of Shawnee, argued the cause and was on the briefs for appellant/cross-appellee.

*Russell W. Baker, Jr.* of Spencer, Fane, Britt & Browne, of Kansas City, Missouri, argued the cause, and *Mark A. Thornhill* of the same firm, and *Charles S. Schnider,* of the same firm, Overland Park, were with him on the brief for appellees/cross-appellants.

The opinion of the court was delivered by

HOLMES, J.: This is an appeal by the State Board of Pharmacy of the State of Kansas (Board) and a cross-appeal by the plaintiffs James B. Brasel and Revco Discount Drug Store No. 932 (Revco) from a decision of the district court wherein an order of the Board was affirmed in part and reversed in part. The Board had suspended the licenses of Mr. Brasel and Revco to sell schedule II drugs for alleged violations of the Kansas uniform controlled substances act, K.S.A. 65-4101 *et seq.*, and certain Board regulations, K.A.R. 68-20-1 *et seq.* The facts are not in dispute.

James B. Brasel at all times material herein was the pharmacist in charge and store manager of Revco located in Johnson County. Both Mr. Brasel and Revco are registered with the Board as required by law. Mr. Brasel is a licensed pharmacist who had been employed by the Revco Discount Drug Store chain for approximately nine years. He had no prior complaints or pro-

ceedings filed against him and his store had continuously enjoyed an "A" rating from the Board based upon periodic examinations by an inspector for the Board. Revco fills about 3,000 prescriptions per month.

Between April 13, 1982, and September 6, 1982, a Class (schedule) II drug, demerol injectable, was sold by Mr. Brasel to a Dr. Serling, a podiatrist duly licensed by the State Board of Healing Arts. There were six separate sales of small amounts of demerol during the five-month period which were recorded by Mr. Brasel on a form furnished by his employer and entitled Revco Receipt. The form includes the date, drug sold, doctor's name, DEA number issued by the federal drug enforcement agency (DEA) and, in each case, Dr. Serling was required to sign the form indicating receipt of the demerol. The receipts for the six sales to Dr. Serling indicate sales prices ranging from $10.83 to $13.69. Although Dr. Serling had indicated that the demerol was being purchased for use in his office as a part of his medical practice, Mr. Brasel became suspicious that he might be purchasing it for personal use. Mr. Brasel then called the DEA to verify Dr. Serling's authority and was advised that Dr. Serling was not authorized to handle schedule II drugs. No further sales were ever made by Mr. Brasel or Revco to Dr. Serling. As a result of Mr. Brasel's inquiry to the DEA, the Kansas State Board of Healing Arts was notified and it, in turn, notified the State Board of Pharmacy, which undertook an investigation ostensibly of Dr. Serling's actions. In this investigation approximately 35,300 separate prescriptions were examined at Revco. Thereafter, charges were filed against Mr. Brasel and Revco, alleging certain violations of Kansas statutes and Board regulations. Both were found to have violated the uniform controlled substances act and certain Board regulations, and the Board ordered their suspension from the sale of schedule II items for six months. Plaintiffs then brought an action in the nature of an administrative appeal in the district court, which upheld some of the findings of the Board and reversed others. The district court also ordered the matter remanded to the Board for a reconsideration of the penalties assessed in view of its judgment that the more serious violations were not supported by substantial evidence. The Board has appealed certain portions of the judgment and plaintiffs have cross-appealed from others.

The violations found by the Board, which are before us for consideration, are six violations of K.S.A. 65-4122 for using an improper form in selling a schedule II controlled substance (demerol) to Dr. Serling; one violation of K.S.A. 65-4123(c) for refilling a prescription more than six months after the date thereon; and four violations of K.A.R. 68-20-18(C)(1) for failure to include the practitioner's address on a prescription form and, in one instance, a violation of the same regulation for failure to include the practitioner's DEA number on the prescription form. The violations of K.S.A. 65-4123(c) and K.A.R. 68-20-18(C)(1) did not involve Dr. Serling and were discovered by the DEA inspector in his review of the 35,300 prescriptions on file at Revco. The pertinent parts of the statutes and regulations provide:

K.S.A. 65-4122:

"Controlled substances in schedules I and II shall be distributed by a registrant to another registrant only pursuant to an order form. Compliance with the provisions of federal law respecting order forms shall be deemed compliance with this section."

K.S.A. 65-4123(c):

"Except when dispensed by a practitioner, other than a pharmacy, to an ultimate user, a controlled substance included in schedule III or IV which is a prescription drug shall not be dispensed without a written or oral prescription of a practitioner. The prescription shall not be filled or refilled more than six months after the date thereof or be refilled more than five times."

K.A.R. 68-20-18(C)(1):

"All prescriptions for controlled substances shall be dated as of, and signed on, the day when issued and shall bear the full name and address, and registration number of the practitioner."

At the outset we will again iterate the oft-stated scope of review applicable to the district court and the appellate courts in appeals of administrative decisions. The court's scope of review is restricted to considering whether, as a matter of law: (1) the administrative tribunal acted fraudulently, arbitrarily or capriciously; (2) the order is substantially supported by the evidence; and (3) the tribunal's actions were within the scope of its authority. *Pioneer Container Corp. v. Beshears*, 235 Kan. 745, 684 P.2d 396 (1984).

In the present case, the Board found that plaintiffs had violated K.S.A. 65-4122 on six occasions by transferring a schedule II drug (demerol injectable) to another registrant (Dr. Serling) on

an improper form. The Board found that use of the Revco receipt, rather than federal DEA form 222, constituted a violation of K.S.A. 65-4122. It is the position of the Board that the statute requires use of the federal form and that no other form or document is acceptable. The trial court set aside the six findings of a violation of K.S.A. 65-4122 for two reasons: (1) the transaction did not occur between "registrants," as Dr. Serling was specifically exempt from registration under K.S.A. 65-4116(c)(5); and (2) the Revco receipt form met the requirements of the statute and use of a federal DEA form 222 was not mandatory under the statute. The Board has appealed this portion of the district court judgment.

We agree with the district court that K.S.A. 65-4122 and K.A.R. 68-20-17, the regulation in support thereof, do not require the use of federal DEA form 222. The statute is clear and needs no construction of the provision, "Compliance with the provisions of federal law respecting order forms *shall be deemed compliance* with this section." (Emphasis added.) When judging whether a statute is clear or ambiguous, the courts must give words in common usage their ordinary meaning. *Szoboszlay v. Glessner*, 233 Kan. 475, 478, 664 P.2d 1327 (1983); *Stephens v. Van Arsdale*, 227 Kan. 676, 684, 608 P.2d 972 (1980); *Lakeview Gardens, Inc. v. State, ex rel. Schneider*, 221 Kan. 211, Syl. ¶ 1, 557 P.2d 1286 (1976). Where the language of the statute is plain and unambiguous, the court's responsibility is to give effect to the intent of the Legislature as expressed, and the Court should not rearrange the Legislature's work to express what the court thinks the law should or should not be. *Szoboszlay v. Glessner*, 233 Kan. at 478; *Kansas State Bd. of Pharmacy v. Wilson*, 8 Kan. App. 2d 359, 361, 657 P.2d 83 (1983); *Randall v. Seemann*, 228 Kan. 395, 397, 613 P.2d 1376 (1980).

The district court, in its opinion, stated:

"K.S.A. § 65-4122 states that controlled substances in Schedules I and II shall be distributed by a registrant to another registrant only pursuant to an order form. The Board found plaintiffs had violated the statute in six instances when plaintiff Brasel had sold Demerol to a Dr. Serling. After reviewing Dr. Serling's credentials, plaintiff Brasel dispensed the Demerol to Dr. Serling and recorded the sale on a yellow Revco order form labeled 'Revco Receipt.' Included on the form was Dr. Serling's name, address, and DEA number, the date of the sale, and a description of the drug dispensed. (Since all the Schedule II drugs that Revco stores dispense are ordered through Revco's Ohio headquarters, plaintiff Brasel had no special federal form on which to record the transaction.) Plaintiff Brasel

used these forms to differentiate the sales to Dr. Serling and kept these special orders in his locked narcotics cabinet rather than with the regular prescriptions.

. . . .

"Even if Dr. Serling were considered a "registrant," the distribution can be characterized as being 'pursuant to an order form' as mandated by K.S.A. § 65-4122, and the Board's purported finding of a violation is unsupported by evidence. While the statute states that '(c)ompliance with the provisions of federal law respecting order forms shall be deemed compliance with this section,' no particular order form is required by the statute. Plaintiff Brasel recorded all the transactions on the 'Revco Receipts' as reported supra. Such recordation complies with the purpose and aim of the requiring of order forms—the monitoring of dangerous drugs within the state—and will be deemed to be compliance with the statute itself."

While both the statute and the regulation provide that compliance with the applicable federal law (in this instance use of DEA form 222) is compliance with the Kansas statute, neither states that compliance with the federal law is required for compliance with our statute. Quite simply, "deemed" is a word of common understanding and we have found no authority for the position of the Board that it means "required." The form utilized by Revco amply fulfills the apparent purpose of the Kansas uniform controlled substances act. It shows who bought the drug, where and when it was bought, the quantity purchased and the sale price. Revco also requires the practitioner to sign the form acknowledging receipt of the drug and that his DEA number be included. The form is part of the permanent business records of Revco and subject to the Board inspection process. K.S.A. 65-4102(a) gives the Board power to adopt rules and regulations but it has not seen fit to adopt or furnish any particular form. It cannot now complain that the form utilized by Revco was insufficient or a violation of the statute. The district court was correct in finding no violation of K.S.A. 65-4122.

In view of our determination that the use of the Revco form satisfies the requirements of K.S.A. 65-4122, there is no need to consider whether Dr. Serling was a "registrant" under the act. Whether he was or not, there was no violation. However, we feel justified in expressing a caveat. The Kansas uniform controlled substances act is confusing as to whether a practitioner exempt from registration with the Board is nevertheless considered a registrant for purposes of enforcement of the act. We leave that determination for another day but it might be well for the Board

to address the issue and seek clarification of the apparent inconsistencies in the act.

We now turn to the cross-appeal of the plaintiffs. The district court found that plaintiffs were in violation of K.S.A. 65-4123(c) for refilling one prescription for a schedule III or IV drug more than six months after its initial date and found five violations of K.A.R. 68-20-18(C)(1) in that four prescription forms were found in Revco's records that did not include the prescribing doctor's address, and one of these also lacked the doctor's DEA number. Plaintiffs do not, and cannot, make any serious contention that these violations did not occur and are not supported by substantial evidence. Mr. Brasel candidly admitted to the deficiencies and could only explain they were oversights on his or his employees' part. As indicated earlier, the Board's inspector examined approximately 35,300 prescription forms in Revco's records and could only find five prescription blanks that were lacking in required information. Mr. Brasel and his assistants are only human and a record of 35,300 prescriptions with only six deficiencies would appear admirable to anyone required to keep detailed records. Be that as it may, the district court was correct in finding they constituted violations.

Next, the plaintiffs contend in their cross-appeal that the six-month suspension ordered by the Board must be reversed. The suspension originally ordered by the Board was based upon alleged violations far more severe than those finally determined to be valid. Plaintiffs were found by the Board to have additional violations which were reversed by the district court for lack of substantial evidence. The judgment on those particular violations was not appealed by the Board, which is understandable from a careful consideration of the record. The district court ordered that the matter be remanded to the Board for reconsideration of the sanctions which were imposed in view of the court's findings and conclusions. We find that such a remand would be proper and that the Board should reconsider its sanctions in light of the judgment of the trial court and the views expressed herein.

The judgment is affirmed in all respects and the case is remanded for further proceedings.

SCHROEDER, C.J., dissenting.