(782 P.2d 1254)
No. 63,336

MICHAEL DEAN LAYTON and EDWARD W. LAYTON, *Appellants,*
v. CINDY HEINLEIN a/k/a CINDY CLAYTON, *Appellee.*

Opinion filed December 1, 1989.

*Martin D. Geeding* and *Wilbur D. Geeding,* of Wichita, for the appellants.

No appearance for appellee.

Before REES, P.J., BRAZIL, J., and HARRY G. MILLER, District Judge Retired, assigned.

MILLER, J.: Plaintiffs have appealed from the denial of attorney fees in an action for damages arising from a motor vehicle accident.

The accident occurred on December 28, 1987, in the parking lot of a shopping mall when a car driven by the defendant, Cindy Heinlein, ran through a stop sign painted on the surface of the parking lot and collided with a car being driven by Michael Layton.

The Laytons obtained an estimate that the cost to repair their car would total $1,614.32, and their attorney then sent a letter to Heinlein notifying her that she owed them that amount. In response, Heinlein, who was not insured, sent a letter stating she could not afford to pay the full amount and would have to make installment payments. She subsequently made only two payments of $20 each. At trial, however, Heinlein denied that she intended the letter to be an admission of guilt and stated she only paid because the Laytons' attorney said that she had to, and she wanted to avoid a garnishment which she feared might cause her to lose her job.

The Laytons filed suit on May 4, 1988, seeking damages from Heinlein for $1,594.32. Trial was held in the district court on

October 6, 1988, and Heinlein was found to be 100 per cent at fault. After giving Heinlein credit for two $20 payments, judgment was entered against her in the amount of $1,574.32.

The Laytons were also granted court costs, witness fees, and process server costs, but the court denied their request for attorney fees of $2,052.75. The court found that the attorney's professional services rendered, hours expended, and hourly rate were all reasonable. The court held, however, that, as a matter of law, K.S.A. 60-2006 was not intended by the legislature to cover a situation where the individual from whom attorney fees were sought had no insurance and was not in a financial position to tender the money necessary to pay for the damages incurred by the other party.

K.S.A. 60-2006 provides in part:

"(a) In actions brought for the recovery of damages of less than $3,000 sustained and caused by the negligent operation of a motor vehicle, the prevailing party shall be allowed reasonable attorneys' fees which shall be taxed as part of the costs of the action unless:

(1) The prevailing party recovers no damages; or

(2) a tender equal to or in excess of the amount recovered was made by the adverse party before the commencement of the action in which judgment is rendered."

This court has held there are three requirements for recovery of attorney fees under K.S.A. 60-2006: "(1) damages must be less than $750 [now $3,000]; (2) the party claiming attorney fees must prevail; and (3) the adverse party did not make a tender of damages before the commencement of the action in an amount equal to or greater than the amount recovered." *Arnold v. Hershberger,* 4 Kan. App. 2d 24, 602 P.2d 120 (1979).

It is not disputed in the present action that all of the elements required by the statute have been fulfilled.

This action was brought by plaintiffs for the recovery of damages sustained and caused by the negligent operation of a motor vehicle. Plaintiffs, by their petition, sought to recover $1,594.32. At trial, they proved damages in the amount of $1,614.32. They obtained an award of $1,574.32 for their damages. They were the prevailing party in an action for the recovery of damages of less than $3,000.00.

There was no tender made by Heinlein equal to or greater

than the amount recovered. A tender, to be effective, must be an absolute and unconditional offer to perform a condition or obligation. *Carpenter v. Riley,* 234 Kan. 758, 761, 675 P.2d 900 (1984). "The party making tender must have the ability for immediate performance." 234 Kan. at 761. Heinlein herself denied at trial that it was ever her intent to admit fault and never argued that she had tried to make a tender of all damages, and, in her letter to the Laytons, she clearly stated that she could not afford to pay the full amount of the damages.

The district court apparently found the requirements of K.S.A. 60-2006 had been met, but found, *sua sponte,* an implied exception for defendants who are not insured or in a financial position to make tender of payment pursuant to the statute.

Interpretation of a statute is a question of law. *Director of Taxation v. Kansas Krude Oil Reclaiming Co.,* 236 Kan. 450, 455, 691 P.2d 1303 (1984). It is the function of the court to interpret a statute so as to give it the effect intended by the legislature when that intent can be ascertained from the statute. *White v. VinZant,* 13 Kan. App. 2d 467, 471, 773 P.2d 1169 (1989). When the language of the statute is clear and unambiguous, the court must give effect to the expressed legislative intent rather than determine what the court thinks the law should or should not be. *Brasel v. State Board of Pharmacy,* 238 Kan. 866, 869, 714 P.2d 1387 (1986).

This court has previously considered the legislative purpose of this statute. The primary evil which the act sought to remedy was "the propensity of some drivers, or their insurance carriers, to delay payment of just claims in the hope that the injured party would grow weary of, or short of money to finance, lawsuits for the recovery of small to modest damages." *Squires v. City of Salina,* 9 Kan. App. 2d 199, 202, 675 P.2d 926 (1984). See *Pinkerton v. Schwiethale,* 208 Kan. 596, 599, 493 P.2d 200 (1972).

There is nothing in the statute that suggests or implies that it is not to apply to uninsured motorists or other persons who are without the financial ability to pay for the damages they have negligently caused.

K.S.A. 1988 Supp. 40-3104(c) provides: "No person shall knowingly drive an uninsured motor vehicle upon a highway or upon property open to use by the public, unless such motor vehicle

is expressly exempted from the provisions of this act." It is highly unlikely that the legislature would imply an exemption from liability for uninsured motorists in K.S.A. 60-2006, while making this same status punishable under K.S.A. 1988 Supp. 40-3104(c) and (h).

The statute is clear and unambiguous. It provides that when the requirements are met, the prevailing party "shall be allowed" reasonable attorney fees. Neither the language of the statute nor the history of the legislative purpose and intent of the statute supports the exception proposed by the trial court in this case.

The trial court's finding that the attorney fees requested by plaintiffs' attorney for prosecuting the case below were reasonable is, therefore, affirmed. The court's ruling denying the assessment of such attorney fees against the defendant on the basis that defendant was not insured is reversed, and the case is remanded to the district court with instructions to enter judgment against the defendant for the $2,052.75 attorney fees requested.

Affirmed in part, reversed in part, and remanded with instructions.