Larry D. WALLER, Plaintiff,

v.

PITTSBURGH CORNING CORP.; John Crane, Inc.; Garlock, Inc.; Celotex Corp.; and Carey–Canada, Inc., Defendants.

No. 90–1233–K.

United States District Court, D. Kansas.

July 16, 1990.

Ness, Motley, Loadholt, Richardson & Pool, Barnwell, S.C., for plaintiff.

Polsinelli, White, Vardeman & Shalton, Kansas City, Mo., for defendant Pittsburgh Corning Corp.

Gordon N. Myerson, P.C., Kansas City, Mo., for defendant John Crane, Inc.

Foulston & Siefkin, Wichita, Kan., for defendant Garlock, Inc.

Lewis, Rice & Fingersh, Overland Park, Kan., Butler, Vines, Babb & Threadgill, Knoxville, Tenn., for defendants Celotex Corp. and Carey–Canada, Inc.

## MEMORANDUM AND ORDER

PATRICK F. KELLY, District Judge.

The present case is an action for damages for personal injuries which the complaint alleges were suffered by the plaintiff, Larry D. Waller, due to exposure to asbestos products manufactured by the defendants. Originally filed in the United States District Court for the Eastern District of Texas, the case was subsequently transferred to this court. Motions for summary judgment have been filed by numerous defendants, including Owens–Corning Fiberglas Corp.; John Crane, Inc.; Fibreboard Corp.; Owens–Illinois, Inc.; Pittsburgh Corning Corp.; Garlock, Inc.; Celotex Corp.; Carey–Canada, Inc.; and Eagle–Picher. The arguments presented by each defendant are generally the same: first, that the plaintiff has failed to produce any evidence of exposure to asbestos products manufactured by the defendant; and second, that the plaintiff's claim is time barred under K.S.A. 60–513(b).

The matter was presented to the court at a hearing on July 9, 1990. At the conclusion of the hearing, the court reserved ruling on the motions by the various parties. At the present time, to the best understanding of the court, several of the manufacturers have independently resolved their differences with the plaintiff, and at the present time five defendants remain in the

action: Pittsburgh Corning, Garlock, John Crane, Carey–Canada, and Celotex. For the reasons cited below, the court finds summary judgment should be granted on behalf of these defendants.

Summary judgment is proper, where the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In considering a motion for summary judgment, the court must examine all evidence in a light most favorable to the opposing party. *McKenzie v. Mercy Hospital*, 854 F.2d 365, 367 (10th Cir.1988). The party moving for summary judgment must demonstrate its entitlement to summary judgment beyond a reasonable doubt. *Ellis v. El Paso Natural Gas Co.*, 754 F.2d 884, 885 (10th Cir.1985). The moving party need not disprove plaintiff's claim; it need only establish that the factual allegations have no legal significance. *Dayton Hudson Corp. v. Macerich Real Estate Co.*, 812 F.2d 1319, 1323 (10th Cir.1987).

In resisting a motion for summary judgment, the opposing party may not rely upon mere allegations or denials contained in its pleadings or briefs. Rather, the non-moving party must come forward with specific facts showing the presence of a genuine issue of material fact for trial and significant probative evidence supporting the allegation. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). Once the moving party has carried its burden under Rule 56(c), the party opposing summary judgment must do more than simply show there is some metaphysical doubt as to the material facts. "In the language of the Rule, the nonmoving party must come forward with 'specific facts showing that there is a *genuine issue for trial.*'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (quoting Fed.R. Civ.P. 56(e)) (emphasis in *Matsushita*). One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or

defenses, and the rule should be interpreted in a way that allows it to accomplish this purpose. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The plaintiff, Larry Waller, began work at the American Petrofina Refinery at El Dorado, Kansas in November, 1960. During his first month of employment, Waller worked as a laborer, building scaffolding, handing insulation to carpenters, and mixing mud. Waller also worked on a two-week tower insulation project, during which he was exposed to asbestos products. Waller is unable to recall the brand names or manufacturers of these products.

In December, 1960, Waller transferred to the refinery's light oil laboratory, where he worked for about four months. Until the end of 1962, Waller worked in the refinery's maintenance department as a rigger and boilermaker. During this time, Waller's duties included unloading asbestos materials and the removal of insulation.

At the end of 1962, Waller returned to work in the light oil laboratory, where he worked until 1985. However, Waller also worked for the maintenance department on his days off during intermittent "turnarounds". A turnaround is an overhaul of the refinery involving the replacement of pipes and the cleaning out of the refinery's tower and exchanges, and Waller sometimes had to remove insulation while performing his maintenance duties. At most, Waller worked only four days per year doing turnaround maintenance work. Waller does not recall removing any insulation after 1976.

■ The first argument advanced by several of the defendants, that there is no evidence of exposure to their respective products, needs not be addressed here. Instead, the court finds that the statute of limitations contained in K.S.A. 60–513(b) controls, and bars, the present action.

The 10–year limitations provision of K.S.A. 60–513(b) was recently the subject of interpretation by the Supreme Court of Kansas, and reinterpretation by the Kansas Legislature. Under *Tomlinson v. Celotex*

*Corp.*, 244 Kan. 474, 770 P.2d 825 (1989), the 10–year limit would apply to bar the claim of the plaintiff, since most of the evidence indicates exposure during the 1960s, and the plaintiff has himself indicated that he has no knowledge of any exposure to insulating materials after 1976. In *Tomlinson,* the supreme court held that the 10–year limit of K.S.A. 60–513(b) applied to claims for injuries from latent diseases, and that this application was constitutional.

Shortly after the decision in *Tomlinson,* and in obvious response to that decision, the state legislature approved amendments to K.S.A. 60–513, creating a specific limitations period for latent disease claims. The central question is whether these amendments, signed into law on May 16, 1990, are applicable to the present action. Included within the amendments is a new subsection (e) to 60–513, which seeks to revive actions previously barred under the statute:

> Upon the effective date of this act through July 1, 1991, the provisions of this subsection shall revive such causes of action for latent diseases caused by exposure to a harmful material for: (1) Any person whose cause of action had accrued, as defined in subsection (d) on or after March 3, 1987; or (2) any person who had an action pending in any court on March 3, 1989, and because of the judicial interpretation of the ten-year limitation contained in subsection (b) of K.S.A. 60–513, and amendments thereto, as applied to latent disease caused by exposure to a harmful material the: (a) Action was dismissed; (b) dismissal of the action was affirmed; or (c) action was subject to dismissal. The intent of this subsection is to revive causes of action for latent diseases caused by exposure to a harmful material which were barred by interpretation of K.S.A. 60–513, and amendments thereto, in effect prior to this enactment.

The issue in the present case is whether the amendments to 60–513(b) may be constitutionally applied to expand the time in which the action may be brought. It should be noted that the plaintiff's brief in response to the present motions completely ignores the issue of constitutionality. Instead, the plaintiff's brief raises two separate issues, which will be discussed below.

Most of the state courts addressing the issue have held that the legislation which attempts to revive claims that have been previously time barred impermissibly interferes with vested rights of the defendant, and thus violates due process. These courts have taken the position that the passing of the limitations period creates a vested right of defense in the defendant, which cannot be removed by subsequent legislative action expanding the limitations period. *See Wasson v. State ex rel. Jackson,* 187 Ark. 537, 60 S.W.2d 1020 (1933); *Cheswold Volunteer Fire Co. v. Lambertson Constr. Co.,* 489 A.2d 413 (Del.1984); *Mazda Motors of America, Inc. v. S.C. Henderson & Sons, Inc.,* 364 So.2d 107 (Fla.Dist.Ct.App.1978), *cert. denied,* 378 So.2d 348 (1979); *Wilson v. All–Steel, Inc.,* 87 Ill.2d 28, 56 Ill.Dec. 897, 428 N.E.2d 489 (1981); *Jackson v. Evans,* 284 Ky. 748, 145 S.W.2d 1061 (1940); *Ayo v. Control Insulation Corp.,* 477 So.2d 1258 (La.Ct.App. 1985), *cert. denied,* 481 So.2d 1349 (1986); *Dobson v. Quinn Freight Lines,* 415 A.2d 814 (Me.1980); *Zitomer v. State,* 21 Md. App. 709, 321 A.2d 328 (1974), *rev'd on other grounds,* 275 Md. 534, 341 A.2d 789 (1975), *cert. denied,* 423 U.S. 1076, 96 S.Ct. 862, 47 L.Ed.2d 87 (1976); *Williams v. Wellman–Power Gas, Inc.,* 174 Mont. 387, 571 P.2d 90 (1977); *Grand Island School Dist. No. 2 v. Celotex Corp.,* 203 Neb. 559, 279 N.W.2d 603 (1979); *Colony Hill Condominium I Ass'n v. Colony Co.,* 70 N.C. App. 390, 320 S.E.2d 273 (1984), *cert. denied,* 312 N.C. 796, 325 S.E.2d 485 (1985); *Cathey v. Weaver,* 111 Tex. 515, 242 S.W. 447 (1922); *In re Swan's Estate,* 95 Utah 408, 79 P.2d 999 (1938); *School Bd. of Norfolk v. United States Gypsum Co.,* 234 Va. 32, 360 S.E.2d 325 (1987); *Haase v. Sawicki,* 20 Wis.2d 308, 121 N.W.2d 876 (1963). In addition, several state courts have found revival legislation invalid under specific provisions in their state constitutions which prohibit retroactive legislation. *See Tyson v. Johns–Manville Sales Corp.,* 399 So.2d 263 (Ala.1981); *Jefferson County*

*Dept. of Social Services v. D.A.G.*, 199 Colo. 315, 607 P.2d 1004 (1980); *Uber v. Missouri Pac. R. Co.*, 441 S.W.2d 682 (Mo. 1969); *Gould v. Concord Hosp.*, 126 N.H. 405, 493 A.2d 1193 (1985); *Wright v. Keiser*, 568 P.2d 1262 (Okla.1977); *Ford Motor Co. v. Moulton*, 511 S.W.2d 690 (Tenn.), *cert. denied*, 419 U.S. 870, 95 S.Ct. 129, 42 L.Ed.2d 109 (1974).

On the other hand, a number of states have found that legislation reviving a previously dead claim does not inherently offend due process. *See Chevron Chemical Co. v. Superior Ct.*, 131 Ariz. 431, 641 P.2d 1275 (1982); *Gilbert v. Selleck*, 93 Conn. 412, 106 A. 439 (1919); *Canton Textile Mills, Inc. v. Lathem*, 253 Ga. 102, 317 S.E.2d 189, *cert. denied*, 469 U.S. 918, 105 S.Ct. 296, 83 L.Ed.2d 231 (1984); *Roe v. Doe*, 59 Haw. 259, 581 P.2d 310 (1978); *Aaron v. City of Tipton*, 218 Ind. 227, 32 N.E.2d 88 (1941); *City of Boston v. Keene Corp.*, 406 Mass. 301, 547 N.E.2d 328 (1989); *Pryber v. Marriott Corp.*, 98 Mich. App. 50, 296 N.W.2d 597 (1980), *aff'd*, 411 Mich. 887, 307 N.W.2d 333 (1981); *Donaldson v. Chase Securities Corp.*, 216 Minn. 269, 13 N.W.2d 1 (1943), *aff'd*, 325 U.S. 304, 65 S.Ct. 1137, 89 L.Ed. 1628 (1945); *Crist v. Town of Gallup*, 51 N.M. 286, 183 P.2d 156 (1947); *Gallewski v. H. Hentz & Co.*, 301 N.Y. 164, 93 N.E.2d 620 (1950); *Pnakovich v. S.W.C.C.*, 163 W.Va. 583, 259 S.E.2d 127 (1979); *In the Interest of W.M.V.*, 268 N.W.2d 781 (N.D.1978); *Vigil v. Tafoya*, 600 P.2d 721 (Wyo.1979).

Unfortunately for the plaintiff in the present action, Kansas has adhered consistently to the majority view that revival legislation is inconsistent with due process. In *Morton v. Sharkey*, 1 Kan. 535 (1860), the court discussed the legislature's adoption (in 1858 Kan.Sess.Laws, ch. 11, § 13) of a six-year limitations period for actions on commercial notes. Previously, a three-year limitations period existed in all actions on contract. 1855 Kan.Sess.Laws, ch. 3, § 4. The six-year statute had been adopted on April 1, 1858, several months before the three-year anniversary of the effective date of the prior law. The court concluded that the earlier three-year limitations period did not begin to run until the effective date of

the act, and that the subsequent adoption of the six-year period was legitimate since the extension occurred prior to the date when the three-year bar would have come into effect. "The rule is," the court noted, "that the limitation period may be extended, where it has not already expired." 1 Kan. at 538.

This rule has been followed consistently in later decisions. *See Rostocil v. United Oil & Gas Royalty Ass'n*, 177 Kan. 15, 25, 274 P.2d 761 (1954); *Terrill v. Hoyt*, 149 Kan. 51, 87 P.2d 238 (1939); *Bowman v. Cockrill*, 6 Kan. 190, 203, *311, *338 (1870). The rule received its most recent application in *Jackson v. American Best Freight System, Inc.*, 238 Kan. 322, 709 P.2d 983 (1985). In *Jackson*, the court held that the provisions of K.S.A. 60–203(b) did not apply retrospectively, thereby reviving the plaintiff's claim. The two-year limitations period on the plaintiff's tort claim expired on June 30, 1983. The plaintiff had previously but unsuccessfully sought to serve two of the defendants.

K.S.A. 60–203(b), which became effective the date of the expiration of the limitations period, provides an additional period of time for service of process, where a prior attempt at service has been adjudicated to be invalid due to "any irregularity in form or procedure." The statute then allows 90 days from that adjudication (or 120 days for good cause shown) in which to complete service, and upon valid service within that time, the action will "be deemed to have been commenced by the original filing of the petition."

The *Jackson* court held that K.S.A. 60–203(b) did not serve to expand the time in which the plaintiff could be deemed to have commenced her action, since the limitations period applicable to the action had expired prior to the effective date of the savings statute. The court stated:

> While retrospective operation of procedural statutes has been allowed generally, where a vested right of defense exists prior to the effective date of the procedural statute, it would not be proper to allow the retrospective operation of 60–

203(b). Once it was established the defendants had never been served, the statute of limitations barred any further actions against them. Defendants had a vested right in the defense provided by the statute of limitations. There is no valid distinction between a vested general rule and a vested right of defense. Accordingly, the general rule is that a vested right to an existing defense is protected in like manner as a right of action, with the exception only of those defenses which are based on informalities not affecting substantial rights. The trial court was correct when it determined that under the facts of this case K.S.A. 60–203(b) did not apply retrospectively and that Jackson's action was barred by the two-year statute of limitations.

238 Kan. at 325, 709 P.2d 983 (citation omitted).

Thus, it is clear that the revival provisions contained in the amendments to K.S.A. 60–513 are invalid under Kansas law, since they represent an attempt to remove vested rights on behalf of the defendants. The plaintiff offers two brief arguments. First, he contends that the Kansas limitations period is not controlling in the first place, and that, instead, it is the Texas statute of limitations which is controlling.

Because the present matter was transferred from the Eastern District of Texas, the court should utilize the choice of law rules of that forum in determining the applicable statute of limitations. *Ferens v. John Deere Co.*, —— U.S. ——, 110 S.Ct. 1274, 108 L.Ed.2d 443 (1990). Citing *Ferens*, and noting that the present case was originally brought in Texas, the plaintiff argues that the court must apply the Texas statute of limitations. But *Ferens* did not rule (as the plaintiff infers) that the transferee forum must always apply the statute of limitations of the transferor (here, Texas). Instead, the Supreme Court ruled in *Ferens* that "the transferee court must follow the *choice of law rules* that prevail ... in the transferor court." At ——, 110 S.Ct. at 1277, 108 L.Ed.2d at 449–50 (emphasis added). Thus, the present issue turns upon which statute of limitations Texas would apply, using Texas choice of law rules.

There is little doubt that the Kansas statute of limitations contained in K.S.A. 60–513(b) is controlling in the present action. First, as this court held in *Menne v. Celotex Corp.*, 722 F.Supp. 662 (D.Kan.1989), the statute is substantive rather than procedural in nature, and this court is obliged to apply the substantive law of Kansas. As the Kansas statute is substantive in nature, Texas choice of law rules would require application of K.S.A. 60–513(b). *California v. Copus*, 158 Tex. 196, 309 S.W.2d 227, *cert. denied*, 356 U.S. 967, 78 S.Ct. 1006, 2 L.Ed.2d 1074 (1958). *See also Goad v. Celotex Corp.*, 831 F.2d 508 (4th Cir.1987), *cert. denied*, 487 U.S. 1218, 108 S.Ct. 2871, 101 L.Ed.2d 906 (1988).

The second argument advanced by the plaintiff is that summary judgment on the present issue is improper. This argument may be quoted in its entirety:

> Rule 56(c) is reserved for judgment where there is no genuine issue as to any *material fact* and that the moving party is entitled to a judgment as a matter of law. (Emphasis added). A number of defendants in their motion did not dispute any material facts in this case. Their arguments were limited only to an interpretation of the Kansas law. Clearly, their motions are outside the scope of rule 56(c) and should be denied.

(Pltf's Resp. at 9.)

It is hard to understand the plaintiff's argument. A movant for summary judgment does not seek to dispute material facts, but instead asserts that no dispute exists as to any material fact. The defendants have set out their contentions of undisputed facts and supported them with references to exhibits and deposition testimony.

█ The plaintiff's response brief, on the other hand, while it disagrees (in the discussion portion of the brief) with many of these contentions, fails to comply with local rules. There is no statement of facts, by numbered paragraphs, which the plaintiff contends are in dispute, nor is there any

attempt to specifically controvert any of the contentions of the various defendants. Local Rule 206(c) requires that memoranda in opposition to a motion for summary judgment

> begin with a section that contains a concise statement of material facts as to which the party contends a genuine issue exists. Each fact in dispute shall be numbered by paragraph, shall refer with particularity to those portions of the record upon which the opposing party relies, and, if applicable, shall state the number of movant's fact that is disputed. All material facts set forth in the statement of the movant shall be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of the opposing party.

The defendants, unlike the plaintiff, are in compliance with the requirements of Fed.R.Civ.P. 56 and with Local Rule 206.

IT IS ACCORDINGLY ORDERED this 16 day of July, 1990, that the motions for summary judgment of defendants John Crane (Dkt. No. 141), Celotex and Carey–Canada (Dkt. No. 155), Garlock (Dkt. No. 175), and Pittsburgh Corning (Dkt. No. 143) are hereby granted.