No. 63,896

LAURA E. READ, *Appellee*, v. THERESA A. MILLER, *Appellant*.

(802 P.2d 528)

Opinion filed December 7, 1990.

*William P. Coates, Jr.*, of McAnany, Van Cleave & Phillips, P.A., of Lenexa, argued the cause, and *Douglas M. Greenwald*, of the same firm, was with him on the briefs for appellant.

*Steven R. McConnell*, of McConnell & McMahon, of Overland Park, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

SIX, J.: We have reviewed and considered the briefs, the arguments, and the record in this case. We conclude the unanimous panel of the Court of Appeals was correct. We therefore adopt the opinion of the Court of Appeals, *Read v. Miller*, 14 Kan. App. 2d 274, 788 P.2d 883 (1990), reversing the trial court.

The Court of Appeals opinion is set out verbatim as follows:

DAVIS, J.: The defendant, Theresa A. Miller, filed a motion to dismiss the auto negligence action filed by Laura E. Read based upon the statute of limitations. The trial court denied the motion

and certified its order for interlocutory appeal. We granted permission to appeal and hold that plaintiff's action is time barred. We therefore reverse and remand with directions to dismiss plaintiff's action.

The facts are not in dispute. Plaintiff Laura Read and defendant Theresa Miller were involved in an automobile accident in Leavenworth County on September 20, 1986. Exactly two years later, on the day the statute of limitations expired (K.S.A. 1989 Supp. 60-513[a][4]), plaintiff filed her action in Wyandotte County.

The summons for defendant which listed defendant's address as "Rural Route 2 Box 61 V, Bonner Springs, Kansas," was returned on September 21, 1988, marked "No Service" with a typed notation at the bottom, "need a street address for service in Wyandotte County." A second summons was issued September 29, 1988, with added address instructions: "West on 32 Highway from Bonner Springs Stop Light approximately 5 miles to gravel road. Go south approximately 1½ miles, House on left side of road, name on mailbox."

The second summons was returned on October 3, 1988, marked "No Service" with a typed notation: "unable to serve at above address, per Bonner Spring Fire Dept it is located in Tanglewood, which is in LEAVENWORTH COUNTY, KANSAS."

On January 13, 1989, 115 days after filing her action, plaintiff obtained a third summons which was successfully served by the sheriff of Leavenworth County on January 17, 1989. The next day, plaintiff filed a motion for enlargement of time to serve defendant, stating in part:

"2. The plaintiff believed defendant resided in Wyandotte County, Kansas. However, it has been determined that the defendant resides in Leavenworth County, Kansas.

"3. An Alias Summons has been issued to the Sheriff of Leavenworth County, Kansas."

That same day, Judge Zukel signed the following order:

"The Court, being well and fully advised in the premises, finds that for good cause shown the plaintiff's Motion should be granted. The time for obtaining service of process is enlarged for a period of thirty (30) days."

The question presented is when plaintiff's action was commenced. We believe that the answer to this question depends upon the proper construction of K.S.A. 60-203(a).

The trial court held, however, that the extension could be granted independently of K.S.A. 60-203(a) under the provisions

of K.S.A. 1989 Supp. 60-206(b)(2). We first consider whether the trial court's application of K.S.A. 1989 Supp. 60-206(b)(2) was correct.

## Application of K.S.A. 1989 Supp. 60-206(b)

K.S.A. 1989 Supp. 60-206(b)(2) provides:

"When by this chapter or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the judge for cause shown may at any time in the judge's discretion . . . (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect."

Defendant argues that this statute does not apply because the specific language in K.S.A. 60-203(a) controls over the general language in K.S.A. 1989 Supp. 60-206(b)(2). Defendant's point is well taken. Our Supreme Court has held:

"It is a cardinal rule of law that statutes complete in themselves, relating to a specific thing, take precedence over general statutes or over other statutes which deal only incidentally with the same question or which might be construed to relate to it. Where there is a conflict between a statute dealing generally with a subject, and another dealing specifically with a certain phase of it, the specific legislation controls." *Szoboszlay v. Glessner*, 233 Kan. 475, 479, 664 P.2d 1327 (1983).

We applied this rule to a similar question in *Stanton v. KCC*, 2 Kan. App. 2d 228, 577 P.2d 367, *rev. denied* 225 Kan. 845 (1978). The appellants filed a notice of appeal out of time along with an application to the trial court for an extension of time based on excusable neglect. The trial court granted permission to file the appeal out of time. 2 Kan. App. 2d at 229. This court dismissed, explaining:

"Unless legislative intent appears otherwise, a special statute which relates to particular persons or things will take precedence over a statute dealing with a subject in general. [Citations omitted.] K.S.A. 60-206 . . . is a statute of general application, whereas K.S.A. 60-2103 . . . is a statute dealing specifically with appellate procedure. Although subsection (b) of the former does provide for the enlargement of time for an act to be done where the failure to act was the result of excusable neglect, the latter permits an extension of time in which to take an appeal only upon a showing of excusable neglect based on failure of a party to learn of the entry of judgment. There is nothing in the record or elsewhere to our knowledge to indicate anything but that the legislature intended the specific provisions of K.S.A. 60-2103 to take precedence. We conclude that, in the absence of an affirmative showing that failure to file the notice of appeal within the prescribed thirty-

day period was because of failure to learn of the entry of judgment, the district court was without authority to grant the extension of time." 2 Kan. App. 2d at 229-30.

In *Schroeder v. Urban*, 242 Kan. 710, 711-12, 750 P.2d 405 (1988), the Supreme Court approved our decision in *Stanton v. KCC*; however, the court also recognized a "unique circumstances" exception to our holding. If a trial court grants an extension of time for filing a notice of appeal, an appeal filed during the extended period will be deemed timely filed, even though the trial court had no authority to extend the appeal period, if the extension was granted prior to the expiration of the original appeal period and the appellants relied to their detriment on the purported extension. This exception has no application to this case.

K.S.A. 60-203(a) contains specific provisions regarding an extension of time. These specific provisions control over the general provisions in K.S.A. 1989 Supp. 60-206(b).

## Application of K.S.A. 60-203(a)

Both parties rely upon K.S.A. 60-203(a), which provides:

"A civil action is commenced at the time of: (1) filing a petition with the clerk of the court, if service of process is obtained or the first publication is made for service by publication within 90 days after the petition is filed, except that the court may extend that time an additional 30 days upon a showing of good cause by the plaintiff; or (2) service of process or first publication, if service of process or first publication is not made within the time specified by provision (1)."

Defendant argues that the 30-day extension must be sought and granted before the 90-day period has expired. Plaintiff counters that, if the legislature had so intended, it would have said so expressly in the statute. Plaintiff instead argues that the 30-day extension may be sought and granted any time within 120 days after the petition is filed.

The rules this court must apply in construing statutes are well known. The fundamental rule of statutory construction, to which all others are subordinate, is that the intent of the legislature governs when that intent can be ascertained from the statute. *Taylor v. Perdition Minerals Group, Ltd.*, 244 Kan. 126, 133, 766 P.2d 805 (1988); *Harris Enterprises, Inc. v. Moore*, 241 Kan. 59, 65, 734 P.2d 1083 (1987). Where the language of the statute is plain and unambiguous, the court must give effect to the intent

of the legislature as expressed. *Brasel v. State Board of Pharmacy*, 238 Kan. 866, 869, 714 P.2d 1387 (1986); *Layton v. Heinlein*, 14 Kan. App. 2d 104, 106, 782 P.2d 1254 (1989). In determining whether the language of the statute is clear or ambiguous, words and phrases should be construed according to the context and the approved usage of the language. Words and phrases in common use should be given their natural and ordinary meaning. *Kansas Gas & Electric Co. v. Kansas Corporation Comm'n*, 239 Kan. 483, 503, 720 P.2d 1063 (1986); *Brasel*, 238 Kan. at 869; *Hessell v. Lateral Sewer District*, 202 Kan. 499, 502, 449 P.2d 496 (1969) (citing K.S.A. 77-201 *Second*).

The key word in K.S.A. 60-203(a)(1) is "extend." The meaning of "extend" is settled in both the English language and the law. "To extend is to stretch, or stretch out." *Bank v. Heslet*, 84 Kan. 315, 317, 113 Pac. 1052 (1911) (citing Webster's New International Dictionary). When 90 days expire with no extension, there is nothing left to extend, or stretch out. This accords both with the natural meaning of the words "extend" and "extension" and with the few cases touching on the subject. As the Tennessee Supreme Court has held:

"To extend means to stretch out or to draw out or to enlarge a thing. It implies something in existence. Extend is a transitive verb, requiring an object. The object of the extension in the statute is the forty-five days. The forty-five days having elapsed, there is nothing to extend, no period to prolong." *Leather Co. v. Gillespie*, 157 Tenn. 166, 167, 6 S.W.2d 328 (1928).

The Missouri Supreme Court has similarly held:

"The word 'extension' ordinarily implies the existence of something to be extended. Thus in the Scott and Paul cases, just cited in the margin, this court held a trial court could not extend the time for filing a bill of exceptions beyond the time already fixed, if such extension was granted after expiration of the time first limited. The Scott case said: 'The word "extended" as employed in this statute . . . means "prolonged"; and of course a *prolongation* of time cannot occur *after* the time originally limited has *expired*.' " *State v. Graves*, 352 Mo. 1102, 1110, 182 S.W.2d 46 (1944).

We recognize that, in determining legislative intent, the literal meaning of the words used is not always controlling and that courts are not limited to consideration of the language used in the statute, but may look to the historical background of the enactment, the circumstances attending its passage, the purpose

to be accomplished, and the effect the statute may have under the various constructions suggested. *In re Marriage of Schoneman*, 13 Kan. App. 2d 536, 539, 775 P.2d 194, *rev. denied* 245 Kan. 784 (1989); *Citizens State Bank of Grainfield v. Kaiser*, 12 Kan. App. 2d 530, 536, 750 P.2d 422, *rev. denied* 243 Kan. 777 (1988). These considerations do not lead us to a different conclusion.

The 1983 amendments to K.S.A. 60-203 made changes to what is now subsection (a) and added subsection (b). Subsection (b) provides:

"If service of process . . . purports to have been made within the time specified by subsection (a)(1) but is later adjudicated to have been invalid due to any irregularity in form or procedure or any defect in making service, the action shall nevertheless be deemed to have been commenced by the original filing of the petition if valid service is obtained . . . within 90 days after that adjudication, except that the court may extend that time an additional 30 days upon a showing of good cause by the plaintiff." K.S.A. 60-203(b).

The Supreme Court interpreted this subsection in *Hughes v. Martin*, 240 Kan. 370, 374-76, 729 P.2d 1200 (1986). The court found that, by enacting subsection (b), the legislature intended to reverse the results of such cases as *Bray v. Bayles*, 228 Kan. 481, 618 P.2d 807 (1980), and *Briscoe v. Getto*, 204 Kan. 254, 462 P.2d 127 (1969).

It is not clear from the legislative history, previous appellate opinions, or the comments of legal authorities why the legislature authorized a 30-day extension in subsection (a). We are aware that subsection (a) and subsection (b) have language in common: Both provide that the court may "extend" a 90-day period "an additional 30 days upon a showing of good cause by the plaintiff." And, considering that the two subsections were amended by the same bill, we must assume that the legislature had some of the same considerations in mind when it amended both subsections.

The two subsections apply, however, to different situations: Under subsection (b), the defendant has been served, albeit defectively, and has notice that an action has been brought against him; under subsection (a), the defendant has not been served and has no notice that an action has been filed. The language in subsection (a) is also clear: [T]he court may extend that time [the

90 days] an additional 30 days upon a showing of good cause by the plaintiff." As we have already seen, once the 90-day period has expired, there is nothing to extend, and no period to prolong.

In this case, plaintiff's cause of action became barred on the 91st day after her petition was filed. As of the 91st day, service had not been made "within the time specified by provision (1)," that is, within "90 days after the petition is filed," and no extension had yet been granted. Under the provisions of K.S.A. 60-203(a)(2), plaintiff's action would therefore be deemed to have commenced upon "service of process." Since "service" was beyond the last day of the statute of limitations, plaintiff's action was commenced after the statute of limitations had expired. See *Newell v. Brollier*, 239 Kan. 587, 588, 722 P.2d 528 (1986) ("If service is made later than the specified time period, the action is commenced on the date service is obtained.").

Plaintiff's reliance upon *Newell v. Brollier* for the proposition that K.S.A. 60-203(a) provides a 120-day period for service of process is misplaced. While 120 days' cumulative time under 203(a) may be granted, *Newell* clearly holds that, under 60-203(a), the "action shall be deemed commenced on the date the petition is filed if service is made *within 90 days of the filing of the action* (or 120 days *if extended* by the court)." (Emphasis added.) 239 Kan. 587, Syl. ¶ 2.

Although the trial court granted a 30-day extension after the expiration of the 90 days, plaintiff's action was not revived by a retroactive extension. Defendant has "a vested right" in the statute of limitations defense. *Jackson v. American Best Freight System, Inc.*, 238 Kan. 322, 325, 709 P.2d 983 (1985). This defense may not be taken away and plaintiff's action revived by a retroactive extension of the period for obtaining service of process.

In reaching our conclusion, we have considered plaintiff's argument that K.S.A. 60-203(a) should be liberally construed to permit a decision on the merits in this case. K.S.A. 60-102 requires us to construe the code of civil procedure liberally "to secure the just, speedy and inexpensive determination of every action or proceeding." This does not mean, however, that every case must be decided on its merits. Perhaps the best answer to plaintiff's argument is found in *Welch v. City of Kansas City*, 204 Kan. 765, 771, 465 P.2d 951 (1970):

"[T]he plaintiffs insist that the ends of justice would be served by granting them their day in court, despite the fact their action was commenced out of time. The same suggestion, we presume, could be advanced by every litigant who by inattention, inadvertence or otherwise, had let the time slip by for bringing his lawsuit.

"It has been said that statutes of limitation are statutes of repose, precluding presentation of stale claims and encouraging diligence on the part of those whose rights have been infringed. In furthering these objectives, such statutes serve a worthy and useful purpose, and we are not at liberty to ignore them completely."

Based on the plain, unambiguous language of K.S.A. 60-203(a), and considering existing case law rules and the lack of any legislative intent to the contrary, we hold that an extension of time under K.S.A. 60-203(a) must be sought and granted before the expiration of the 90-day period.

Reversed and remanded with directions to dismiss plaintiff's cause of action.

ABBOTT, J., not participating.

LOCKETT, J., dissenting: I respectfully dissent from the majority's determination that an extension of time for the period to obtain service of process under K.S.A. 1989 Supp. 60-206(b)(2) must be sought and granted prior to the expiration of the original 90-day period provided by K.S.A. 60-203(a). The majority fails to consider the whole statute and the words and phrases of K.S.A. 1989 Supp. 60-206(b)(2), and its opinion renders the clear language of that section of the statute meaningless.

K.S.A. 60-203(a) provides:

"A civil action is commenced at the time of: (1) filing a petition with the clerk of the court, if service of process is obtained or the first publication is made for service by publication within 90 days after the petition is filed, except that the court may extend that time an additional 30 days upon a showing of good cause by the plaintiff; or (2) service of process or first publication, if service of process or first publication is not made within the time specified by provision (1)."

The maximum time to obtain service under 60-203 is 120 days.

K.S.A. 1989 Supp. 60-206(b) states:

"*Enlargement*. When by this chapter or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the judge for cause shown may at any time in the judge's discretion (1) with or without motion or notice order the period enlarged

if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon motion *made after the expiration of the specified period permit the act to be done* where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under subsection (c) of K.S.A. 60-250, subsection (b) of K.S.A. 60-252, subsections (b), (e) and (f) of K.S.A. 60-259 and subsection (b) of K.S.A. 60-260, and amendments thereto, except to the extent and under the conditions stated in them." (Emphasis added.)

K.S.A. 1989 Supp. 60-206(b) expressly provides that the court, in its discretion, may order an extension even after the expiration of a specified time period, but only for "cause shown" and if the failure to act in a timely fashion was the result of excusable neglect. Excusable neglect requires a demonstration of good faith on the part of the parties seeking an enlargement and some reasonable basis for noncompliance within the time specified in the statute. There are specific statutory prohibitions against the granting of an enlargement of time under 60-206(b). The listed exceptions to enlargement are: K.S.A. 1989 Supp. 60-250 (motion for directed verdicts); K.S.A. 60-252(b) (motion to amend findings); K.S.A. 60-259(b), (d), and (e) (motion for a new trial, affidavit supporting or opposing motion for a new trial, new trial on the court's own initiative); and K.S.A. 60-260(b) (motion for relief from judgment). K.S.A. 60-203 is not included as one of the specific prohibitions against an enlargement of time.

I agree with the majority that under K.S.A. 1989 Supp. 60-206(b)(1) the court may enlarge the time set out in K.S.A. 60-203 if the request is made prior to the expiration of the period prescribed in 60-203. But I cannot agree with the majority's interpretation of K.S.A. 1989 Supp. 60-206(b)(2). That section of the statute clearly provides for an enlargement of time by motion made after expiration of the specific period where the failure to act was the result of excusable neglect. Request for extension under 60-206(b)(2) can be obtained after the expiration of the 90-day limitation of 60-203(a) but not after that statute's 120-day maximum period for extension of the limitation has expired.

The majority's decision renders K.S.A. 60-206(b)(2) meaningless and mere surplusage.

ALLEGRUCCI, J., joins in the foregoing dissenting opinion.