(805 P.2d 505)

No. 65,358

RANDY SCHARTZ, *Appellee,* v. LYNNE FOSTER, *Appellant.*

Opinion filed February 1, 1991.

*James M. Brewster,* of Overland Park, for appellant.

*Robert E. McRorey,* of Olathe, for appellee.

Before RULON, P.J., ELLIOTT, J., and M. KAY ROYSE, District Judge, assigned.

RULON, J.: Lynne Foster appeals from the district court judgment restoring possession of rental property to Randy Schartz, plaintiff. We affirm.

Essentially, we must decide the nature of the tenancy created by Foster's holdover following expiration of the term of a written rental agreement and the type of notice sufficient to terminate that holdover tenancy.

The material stipulated facts are as follows:

In January 1988, Foster as tenant and Schartz as owner executed a residential rental agreement for a term of one year, from February 1, 1988, to January 31, 1989. Upon the expiration of this agreement, Foster and Schartz did not enter into another written agreement. The tenancy continued, however, with Schartz's consent and Foster's monthly payment of rent. The expired written agreement contained no provisions regarding a holdover by the tenant. On January 24, 1990, Schartz served notice on Foster that as of March 31, 1990, their rental agreement would be terminated. The letter stated it was a 60-day notice to vacate the rental property. On April 11, 1990, Schartz filed a

petition for forcible detainer under Chapter 61 seeking the restoration of the premises to him. Foster answered, alleging the 60-day notice to vacate was legally deficient.

The parties stipulated that both the written agreement and the parties fall under the purview of the Residential Landlord and Tenant Act, K.S.A. 58-2540 *et seq.*

The district court ruled Schartz gave Foster legally sufficient notice to vacate the residential property and ordered Foster to vacate and restore the property to Schartz.

As we understand Foster's argument, she essentially argues that the Residential Landlord and Tenant Act (hereinafter Act), does not apply and, therefore, general landlord-tenant statutes must be applied to resolve the issue before us. Foster contends the Act lacks an applicable provision determining what type of notice is necessary to terminate a tenancy which is held over with landlord consent upon the expiration of a one-year rental agreement. The nub of her argument is that the one-year agreement, although expired, continues to fix the term of her landlord-tenant relationship at one year.

Foster relies upon K.S.A. 58-2502, which states that a tenant who holds over with landlord consent at the expiration of a one-year term becomes a tenant from year to year. K.S.A. 58-2505 provides that a tenancy from year to year may be terminated only by 30-day written notice delivered to the tenant before expiration of the year. Schartz delivered written notice to Foster on January 24, 1990, only seven days prior to the expiration of the alleged one-year holdover term on January 31, 1990. Foster claims she did not receive legally sufficient notice of termination and lawfully remains in possession of the property as a tenant from year to year.

Schartz asserts the Act controls the issue in this case. K.S.A. 58-2570(c) of the Act refers to K.S.A. 58-2545(d) as determining the nature of a tenancy held over with landlord consent upon expiration of the term of the rental agreement. K.S.A. 58-2545(d) states the tenancy is month-to-month if, upon the expiration of a rental agreement, no definite term for the tenancy has been established. K.S.A. 58-2570(b) of the Act provides that a month-to-month tenancy may be terminated by at least a 30-day written notice to the tenant. Schartz claims Foster received a 60-day

written notice, and therefore she unlawfully remained in possession of the property beyond the termination date. We agree.

The written rental agreement between Foster and Schartz which established a definite term of one year expired on January 31, 1989. No new agreement establishing a definite term was ever reached by the parties. Therefore, when Foster remained in possession and continued the tenancy with monthly rent payments, she did so without a fixed and definite term. K.S.A. 58-2545(d) is thus applicable as there is no "rental agreement fix[ing] a definite term," and Foster's tenancy became month-to-month. According to K.S.A. 58-2570(b), the landlord may terminate a month-to-month tenancy by at least a 30-day written notice. Foster received a written notice on January 24, 1990, that the month-to-month tenancy would terminate on March 31, 1990. This 60-day notice is legally sufficient under the Act.

K.S.A. 58-2502 provides that a tenant who holds over upon the expiration of at least a one-year term with landlord consent becomes a tenant from year to year. K.S.A. 58-2505 then provides that all year-to-year tenancies other than farm tenancies may be terminated only by a 30-day written notice delivered to the tenant prior to the expiration of the year. These two statutes, however, govern landlord-tenant relationships generally and are not part of the more specific Residential Landlord and Tenant Act. " 'Where there is a conflict between a statute dealing generally with a subject and another dealing specifically with a certain phase of it, the specific legislation controls.' " *Read v. Miller,* 14 Kan. App. 2d 274, 276, 788 P.2d 883 (1990). Also, the Act was enacted in 1975, after the enactment of K.S.A. 58-2502 and K.S.A. 58-2505, and the pertinent portions of that Act have not been amended. See L. 1978, ch. 217, § 3. Where there is a conflict between two statutes which cannot be harmonized, the later legislative expression controls. *Asay v. American Drywall,* 11 Kan. App. 2d 122, 126, 715 P.2d 421 (1986).

Affirmed.