(845 P.2d 710)

No. 67,585

KANDI CANN, *Appellant,* v. FARMERS INSURANCE COMPANY, INC., *Appellee.*

Opinion filed January 29, 1993.

*Robert E. Keeshan,* of Hamilton, Peterson, Tipton & Keeshan, of Topeka, for appellant.

*J.H. Eschmann* and *Timothy J. Pringle,* of Ascough, Eschmann, Oyler, P.A., of Topeka, for appellee.

Before BRAZIL, P.J., LARSON, J., and DAVID PRAGER, Chief Justice Retired, assigned.

PRAGER, C.J., Retired: This case arose after a 1987 Mercury Lynx owned by Kandi Cann, the plaintiff/appellant, was damaged by a tornado on November 15, 1988. The car was insured by Farmers Insurance Company, Inc., (Farmers) the defendant/appellee.

The controversy between the parties was over the amount of damages to which plaintiff was entitled under the Farmers insurance policy. After a trial to the court, the court made findings of fact which essentially are as follows:

On October 17, 1988, plaintiff leased a 1987 Mercury Lynx from a Lincoln-Mercury dealer. She obtained insurance from Farmers. On November 15, 1988, a tornado struck the vehicle, turning it over and doing extensive damage to it. The vehicle was turned right side up and driven to plaintiff's home.

Subsequently, plaintiff drove the car to the Farmers office where she discussed the damage with an adjuster, who estimated the repairs would cost $3,618.18. Plaintiff took the car to Kars Body Shop for repairs. The choice of Kars to make repairs was made by plaintiff in concert with the lessor.

The car was under repair for six weeks at Kars. On January 12, 1989, plaintiff took possession of the car and signed a payment form authorizing Farmers to pay to Kars the sum of $3,418.18, which was based upon Farmers' estimate less $200 for the deductible provided in the policy. Farmers paid Kars.

Plaintiff claimed she signed the form under duress because it was the only way she could get possession of the car. She was not satisfied with the condition of the car's interior, which she believed had not been repaired.

Plaintiff took the car back to the Farmers office where Dave Pauley, claims adjuster for Farmers, personally examined the car, heard her additional complaints, and made a supplemental estimate for repairs to the car's interior in the amount of $689.30. Pauley told plaintiff to take the car back to Kars and have them repair items she was not satisfied with, and also told her to take the car to Topeka Vinyl to get an estimate for additional repairs to the interior of the car. Plaintiff refused to do so because she wanted to be paid on the basis the car was a total loss.

Plaintiff and Pauley then consulted with James W. Rempe, the Farmers branch claims manager, who told plaintiff to take the car back to Kars to complete the repairs and that the supplemental estimate of $689.30 would provide for total repair of the vehicle. Plaintiff, having made up her mind that she wanted a new car, refused and stated she would talk with her attorney.

Before the case was filed, plaintiff's attorney telephoned Rempe to see if the case could be settled. Rempe advised the attorney that Farmers was willing to pay the additional sum of $689.30 as calculated in the supplemental estimate. Rempe testified that the offer to pay the additional $689.30 was absolute and unconditional and that the company had the ability to immediately write a check if it was accepted.

Plaintiff's counsel refused to accept the offer and the case was filed and tried to the court without a jury. The trial court entered a judgment in favor of plaintiff in the amount of $689.30, the

same amount Farmers offered to pay prior to the filing of the case and which was rejected by plaintiff.

The trial court declined to award plaintiff her attorney fees, which plaintiff claimed under the provisions of K.S.A. 40-908. Plaintiff then appealed to this court.

The plaintiff raises three primary issues on the appeal. She first maintains that the trial court erred in finding that Farmers made a tender to pay plaintiff before the commencement of the action pursuant to K.S.A. 40-908 and, therefore, erred in refusing to award plaintiff her attorney fees as required by that statute. K.S.A. 40-908 provides as follows:

"That in all actions now pending, or hereafter commenced in which judgment is rendered against any insurance company on any policy given to insure any property in this state against loss by fire, tornado, lightning or hail, the court in rendering such judgment shall allow the plaintiff a reasonable sum as an attorney's fee for services in such action including proceeding upon appeal to be recovered and collected as a part of the costs: *Provided, however,* That when a tender is made by such insurance company before the commencement of the action in which judgment is rendered and the amount recovered is not in excess of such tender no such costs shall be allowed."

Plaintiff's argument, in substance, is that Farmers did not make a *tender* in the amount of $689.30 because it failed to actually deliver a check in that amount to her before the commencement of the action.

On the basis of the evidence as summarized above, we find this point to be without merit. The trial court, in its opinion, correctly relied on *Carpenter v. Riley*, 234 Kan. 758, 761, 675 P.2d 900 (1984), where the court defined a "tender" in the following language: "Tender is an unconditional offer to perform a condition or obligation. The party making tender must have the ability for immediate performance. The tender must be absolute and unconditional to be effectual."

The court, in *Carpenter*, further held that tender of future payment was waived by plaintiff's declaration refusing tender. It stated that tender would serve no purpose as far as plaintiff was concerned and tender by defendant would be a mere formality. Equity does not insist on purposeless conduct and disregards mere formality. A tender or demand otherwise indispensable is no longer required when its futility is shown. 234 Kan. at 762.

There are no Kansas cases defining the word "tender" as used in K.S.A. 40-908. However, K.S.A. 60-2006 provides a similar scheme for awarding attorney fees in an action to recover for negligent operation of a motor vehicle except when a tender equal to or in excess of the amount recovered was made by the adverse party before the commencement of the action in which judgment is rendered.

In *Layton v. Heinlein*, 14 Kan. App. 2d 104, 106, 782 P.2d 1254 (1989), which involved the question of attorney fees under K.S.A. 60-2006, the court adopted the definition of "tender" set forth in *Carpenter* as "an absolute and unconditional offer to perform a condition or obligation. The party making tender must have the ability for immediate performance."

In the present case, the trial court found that plaintiff would not listen to Farmers' offer of the supplemental repair estimate of $689.30, which would have provided for total repair. Her actions made further tender of the supplemental estimate a futile gesture.

Furthermore, before the case was filed, Farmers offered to pay to plaintiff's attorney the sum of $689.30 to complete the repairs on her car. Farmers' offer was absolute and it had the ability to pay immediately if the offer had been accepted. Further offers would have been futile.

We hold that, in order to avoid the payment of attorney fees under the provisions of K.S.A. 40-908, an insurance company must make an offer to the insured before the case is filed to pay to the insured a specific amount of money in settlement of the claim. The insurance company must have the ability for immediate performance and the offer must be absolute and unconditional to be effective. When the amount recovered in the judgment is not in excess of the amount offered, attorney fees of the plaintiff insured are not recoverable as part of the costs.

The trial court was correct in finding that Farmers made a tender before commencement of this action within the meaning of K.S.A. 40-908. The amount of the judgment was the same as the amount of the tender. Therefore, plaintiff is not entitled to attorney fees.

Plaintiff next contends that the trial court erred in ignoring uncontroverted evidence as to additional damage. The trial court

heard the conflicting testimony of witnesses from both sides as to additional damages. The trial court weighed the testimony and made findings of fact which are supported by substantial competent evidence. We find this point to be without merit.

As her final point, plaintiff contends that the trial court erred in finding that the damaged vehicle could be restored for $689.30. This point is also without merit because there is substantial competent evidence to support the trial court's findings.

Affirmed.