450

(900 P.2d 862)
No. 72,503

In the Matter of the Marriage of JUDITH SUE BUNTING, *Appellee*, and ROBERT C. BUNTING, JR., *Appellant*.

Opinion filed August 4, 1995.

*J. Michael Lehman,* of Goering & Lehman, of Wichita, for appellant.

*T. Michael Wilson* and *Kathleen N. Wohlgemuth,* of Stinson, Lasswell & Wilson, L.C., of Wichita, for appellee.

Before GREEN, P.J., ELLIOTT, J., and DAVID F. BREWSTER, District Judge, assigned.

ELLIOTT, J.: Robert Bunting appeals the trial court's order that he pay child support.

We reverse.

The controlling facts are not in serious dispute. Judith and Robert Bunting were divorced in 1991, having one minor child, Tawnya; the divorce decree ordered Robert to pay child support for Tawnya until she reached the age of majority.

Tawnya turned 18 in March 1993, when she was a junior in high school. Robert paid child support through June 1993 and then stopped paying. In April 1994, about a month before Tawnya graduated from high school, Judith filed a motion for orders establishing child support and to determine arrearages pursuant to K.S.A. 60-1610(a)(1)(C).

In May 1994, the trial court "extended" Robert's child support obligation retroactively, from July 1993 through April 1994 and also ordered Robert to pay support for May 1994.

This is a case of first impression and involves statutory interpretation; our review, therefore, is plenary. See *Todd v. Kelly*, 251 Kan. 512, 515, 837 P.2d 381 (1992).

K.S.A. 60-1610(a) provides in pertinent part:

"(1) . . . The court shall make provisions for the support and education of the minor children. . . . The court may make a modification of child support retroactive to a date at least one month after the date that the motion to modify was filed with the court. . . . Regardless of the type of custodial arrangement ordered by the court, the court may order the child support and education expenses to be paid by either or both parents for any child less than 18 years of age, at which age the support shall terminate unless: . . . .

"(B) the child reaches 18 years of age before completing the child's high school education in which case the support shall not terminate automatically, unless otherwise ordered by the court, until June 30 of the school year during which the child became 18 years of age if the child is still attending high school.

"(C) the child is still a bona fide high school student after June 30 of the school year during which the child became 18 years of age, in which case the court, on motion, may order support to continue through the school year during which the child is a bona fide high school student and the parents jointly participated or knowingly acquiesced in the decision which delayed the child's completion of high school. The court in extending support pursuant to subsection (a)(1)(C), may impose such conditions as are appropriate and shall set the child support utilizing the guideline table category for 16-year through 18-year old children."

The parties acknowledge the facts surrounding Tawnya's high school education facially meet the provisions of K.S.A. 60-1610(a)(1)(C). Robert, however, argues the statute does not apply, and we agree.

The trial court, in effect, ruled that Judith could file her motion to "continue" and "extend" child support at any time prior to Tawnya's graduation from high school. On the other hand, Robert argues the words "continue" and "extend" as used in the statute require the trial court to order additional child support while the original order was still in effect; otherwise, the trial court lacks statutory authority to impose additional child support obligations.

Our Supreme Court has held that once a period for acting has expired, there is simply nothing left to extend. See *Read v. Miller*, 247 Kan. 557, 561, 802 P.2d 528 (1990).

Without citing any authority, Judith argues that because K.S.A. 60-1610(a)(1)(C) allows the court to continue child support into a child's 19th year, the court may also establish a "new" child support obligation.

Kansas courts retain jurisdiction to order child support only until a child reaches the age of 18, at which time the obligation terminates automatically, with only three exceptions. The first exception requires an agreement of the parties, which is lacking in the present case.

The second exception is where the child has reached 18, but has not yet graduated from high school. The support, in that case, continues until and automatically terminates on June 30 of the year the child reaches 18. Here, Robert paid support until June 30 of the year Tawnya reached 18, then stopped the payments. Robert was statutorily permitted to stop payments on June 30. K.S.A. 60-1610(a)(1)(B) clearly states that "support shall not terminate automatically, unless otherwise ordered by the court, *until* June 30." (Emphasis added.)

The last exception is found in section (a)(1)(C) of the statute, which grants the trial court jurisdiction to order support into a child's 19th year. That grant of jurisdiction, however, is *not* automatic—it must be invoked by a motion. Further, the trial court's jurisdiction is *only* to continue and extend a parent's child support obligation; the trial court may not create a new obligation.

Robert's support obligation automatically ended on June 30, 1993. When Judith filed her motion for additional support in April 1994, the trial court's jurisdictional grant had ended; there was nothing left to extend. The trial court erred in ordering Robert to pay additional child support.

Simply put, on the first day of school in Tawnya's senior year in high school, Robert had no obligation to pay child support. To hold Judith can retroactively "extend" that obligation a month before Tawnya's graduation is illogical, and we cannot attribute such an intent to the legislature in passing K.S.A. 60-1610(a)(1)(C).

Reversed.