No. 72,503

In the Matter of the Marriage of JUDITH SUE BUNTING, *Appellee*, and ROBERT C. BUNTING, JR., *Appellant*.

(912 P.2d 165)

Opinion filed March 8, 1996.

*J. Michael Lehman*, of Goering & Lehman, of Wichita, argued the cause and was on the brief for appellant.

*T. Michael Wilson*, of Stinson, Lasswell & Wilson, L. C., of Wichita, argued the cause, and *Kathleen N. Wohlgemuth*, of the same firm, was with him on the brief for appellee.

The opinion of the court was delivered by

SIX J.: This first impression child support case requires us to interpret K.S.A. 60-1610(a)(1)(C), which concerns support for a child who remains in high school beyond June 30 of the school year in which the child becomes 18. After the original child support order expired, the district court ordered Robert Bunting, the father, to pay Judith Bunting, the mother, child support, including

retroactive payments, through the end of the school year in which their daughter, Tawnya, became 19. Robert appealed, and the Court of Appeals reversed, reasoning that no support was owing. 21 Kan. App. 2d 450, 900 P. 2d 862 (1995). We granted Judith's petition for review. Our jurisdiction is under K.S.A. 20-3018(b).

We hold that Robert had no responsibility for the retroactive payments from July 1993 through April 1994. That part of the district court's order requiring Robert to pay $928 for May 1994 is affirmed.

## FACTS

Robert and Judith were divorced on April 19, 1991. The divorce decree provided that Robert pay child support in the amount of $597 per month for Tawnya until she attained the age of majority. Tawnya became 18 on March 6, 1993, while a junior in high school. When Tawnya was in first grade, her parents jointly participated in a decision to hold her back a year in school.

Robert paid the required child support through June 1993, then stopped any further payments. On April 28, 1994, Judith filed a motion for child support, seeking retroactive payments from July 1, 1993, until the end of May 1994, when Tawnya was to complete high school. On May 10, 1994, the district court ordered Robert to pay retroactive child support of $597 each month for the months of July 1993 through April 1994. For the month of May 1994, the amount was increased to $928. The district court granted Robert's request for a rehearing, conducted an evidentiary hearing, and affirmed the original order.

The Court of Appeals reversed, determining that Robert's obligation to pay child support had terminated as of June 30, 1993, after Tawnya had turned 18. Because Judith did not file her 60-1610(a)(1)(C) motion before June 30, 1993, the Court of Appeals reasoned, the district court had no jurisdiction to extend an already terminated support obligation. We disagree.

## DISCUSSION

Interpretation of a statute is a question of law. Our review of a question of law is unlimited. *Memorial Hospital Ass'n, Inc. v. Knutson*, 239 Kan. 663, 668, 722 P.2d 1093 (1986).

K.S.A. 60-1610(a)(1)(C) provides:

"(a) *Minor children.* (1) *Child support and education.* The court shall make provisions for the support and education of the minor children. The court may modify or change any prior order when a material change in circumstances is shown, irrespective of the present domicile of the child or the parents. The court may make a modification of child support retroactive to a date at least one month after the date that the motion to modify was filed with the court . . . . Regardless of the type of custodial arrangement ordered by the court, the court may order the child support and education expenses to be paid by either or both parents *for any child less than 18 years of age, at which age the support shall terminate unless:* . . . (C) *the child is still a bona fide high school student after June 30 of the school year during which the child became 18 years of age, in which case the court, on motion, may order support to continue through the school year during which the child becomes 19 years of age so long as the child is a bona fide high school student and the parents jointly participated or knowingly acquiesced in the decision which delayed the child's completion of high school.*" (Emphasis added.)

Judith argues that the Court of Appeals' interpretation of 60-1610(a)(1)(C) arbitrarily creates two classes of 18-year-olds held back a year in school by mutual parental consent: those with parents who filed for divorce and requested child support after June 30 of the school year during which the child became 18 and those with parents who filed for divorce and requested child support before June 30 of the same year. The second class would be eligible to benefit from child support through the school year during which the child becomes 19. The first class is not. Robert counters that an equal protection claim is not present because the purported classification is determined by whether someone acted within a specified time.

Judith's divorce decree was entered in 1991. She already had an order for child support at the time Tawnya became 18. Judith could have filed a motion at any time seeking to extend Robert's child support obligation. She failed to do so until April 28, 1994, less than a month before then-19-year-old Tawnya completed high school. Under the facts of this case, we need not engage in an equal protection analysis.

Did the Court of Appeals interpret K.S.A. 60-1610(a)(1)(C) correctly? We think not. We turn to a commanding rule of statutory construction: The intent of the legislature governs if that intent can

be ascertained. *City of Wichita v. 200 South Broadway*, 253 Kan. 434, 436, 855 P.2d 956 (1993). In our search for legislative intent, we consider the entire act. *Todd v. Kelly*, 251 Kan. 512, 516, 837 P.2d 381 (1992). We are not limited to reviewing only the language used, but may look to the historical background of 60-1610(a)(1)(C), the circumstances attending its passage, the purpose to be accomplished, and the effect the statute may have under the various suggested constructions. See *State v. Gonzales*, 255 Kan. 243, 249, 874 P.2d 612 (1994).

K.S.A. 60-1610(a)(1)(C) contains no express time limit for filing a motion to continue child support. Robert argues that because under 60-1610(a)(1)(B), his child support obligation automatically terminated on June 30, 1993, the obligation cannot be revived by a motion to continue support filed after June 30. Judith reasons, as did the district court, that 60-1610(a)(1)(C) should be compared to K.S.A. 60-1610(b)(2), pertaining to maintenance, which has an express time limit for filing motions.

"If the original court decree reserves the power of the court to hear subsequent motions for reinstatement of maintenance and *such a motion is filed prior to the expiration of the stated period of time for maintenance payments*, the court shall have jurisdiction to hear a motion by the recipient of the maintenance to reinstate the maintenance payments." (Emphasis added.) K.S.A. 60-1610(b)(2).

According to Judith, 60-1610(b)(2) contains an express time limit and 60-1610(a)(1)(C) does not, so no time limit should be implied in 60-1610(a)(1)(C). Judith observes that because both the maintenance and child support provisions appear in 60-1610, the absence of an express time limit for filing the child support motion in 60-1610(a)(1)(C) persuasively shows that none was intended. We agree and accept the implication that the legislature did not intend to impose such a time limit.

Robert relies on several cases decided before K.S.A. 60-1610(a)(1)(C) was enacted: *Brady v. Brady*, 225 Kan. 485, 592 P.2d 865 (1979); *Morrison v. Morrison*, 14 Kan. App. 2d 56, 781 P.2d 745, *rev. denied* 245 Kan. 785 (1989); *In re Marriage of Blagg*, 13 Kan. App. 2d 530, 775 P.2d 190 (1989); and *Hill v. Hill*, 13 Kan. App. 2d 107, 763 P.2d 640 (1988). These cases offer little, if any, guidance.

The Court of Appeals, in this case, applied *Read v. Miller*, 247 Kan. 557, 802 P.2d 528 (1990), in holding that the district court had no jurisdiction to continue child support unless the motion is filed by June 30 of the school year during which the child reaches 18 (the date child support otherwise automatically expires). *Read*, an automobile accident liability case, considered whether a motion for enlargement of time for service of process under K.S.A. 60-203(a) was timely. Read filed her lawsuit on the day the statute of limitations expired. She did not obtain service on defendant Miller until 119 days later (after several summonses were issued and returned not served). The day after service was obtained, Read filed a motion to enlarge the time of service, under K.S.A. 60-203(a).

The district court granted Read's motion, enlarging the time for obtaining service by 30 days, and determining that the extension could be granted independent of 60-203(a) under K.S.A. 60-206(b)(2).

The Court of Appeals in *Read* determined that the specific provisions of 60-203(a) controlled over the more general provisions of 60-206(b)(2). The motion for enlargement of time for service had to be filed within 90 days after the petition was filed, and, therefore, the motion was untimely and the statute of limitations had expired. 14 Kan. App. 2d 274, 277, 279, 788 P.2d 883 (1990). We adopted the Court of Appeals' opinion. 247 Kan. at 557.

Judith contends that *Read* does not apply because 60-203(a) is a statute with a specific provision regarding the extension of time after expiration of an initial period. In contrast, 60-1610(a)(1)(C) contains no such specific provision. Robert argues that *Read* applies because in *Read*, as in this case, the statute in question did not specify when the motion for enlargement of time should be filed.

*Read* analyzed a statute extending the time in which service of process will relate back to the date of filing an action. We dealt in *Read* with both a plaintiff's right to bring a claim and the defendant's corresponding right to raise the defense of the statute of limitations. 247 Kan. at 563.

The *Read* rationale does not transfer to the determination of how the filing date of a 60-1610(a)(1)(C) motion affects the court's

statutory power to continue support for 18- to 19-year-old high school students.

K.S.A. 60-1610(a)(1)(C) grants the court, upon motion, authority to continue support for a qualifying high school student until the completion of the school year in which the child becomes 19. The legislature's intent is to provide support through high school for children held back in school by mutual parental consent.

Robert cites the definitions for "continue" and "extend" in Webster's New Universal Unabridged Dictionary 317, 504 (1992). Robert contends that "continue" is synonymous with "extend," and "extend" means to stretch out or lengthen, not to "revive" or "reinstate." However, one of the definitions listed for "continue" is: "to carry on from the point of suspension or interruption." Use of "continue" in 60-1610(a)(1)(C) does not show legislative intent to limit the time for filing the motion.

After K.S.A. 60-1610(a)(1)(C) authorizes the court, upon motion, to continue support through the school year during which the child becomes 19, the statute provides:

"If an agreement approved by the court prior to July 1, 1992, provides for termination of support before the date provided by subsection (a)(1)(C), the court may review and modify such agreement, and any order based on such agreement, to extend the date for termination of support to the date provided by subsection (a)(1)(C)."

This provision applies to Robert and Judith. The district court had authority to modify the prior order to extend the termination date for child support through the 1994 school year. The language of 60-1610(a)(1)(C) does not place a time limit on the court's authority to modify such an order.

K.S.A. 60-1610(a)(1) provides that the obligation to pay child support shall terminate when the child reaches 18 unless any one of three events occur: (1) the parents have agreed otherwise in a court-approved writing; (2) the child reaches 18 before completing high school, in which case child support continues to June 30 of that school year; or (3) a motion is filed to continue support through the school year in which the child, held back by mutual parental consent, becomes 19. The district court has jurisdiction to consider

a motion to continue child support until the qualifying 19-year-old completes the school year.

Robert called Charles F. Harris, a Wichita attorney, as an expert witness. Harris drafted the 1992 amendment that became K.S.A. 60-1610(a)(1)(C) after adoption by the legislature. He also participated in the committee hearings on the amendment. Harris identified the purpose of the amendment:

"The underlying goal, obviously, was the perception that completion of high school is a very, very important part of our society and will enable these children to go on with—in life with a much greater chance of success, so that was—the underlying purpose was basically educational assistance and completion of high school."

We interpret K.S.A. 60-1610(a)(1)(C) as giving the district court jurisdiction to continue child support for Tawnya, although the motion was filed after June 30 of the school year during which Tawnya became 18.

### Retroactive Child Support

K.S.A. 60-1610(a)(1) provides in part: "The court may make a modification of child support retroactive to a date at least one month after the date that the motion to modify was filed with the court." K.S.A. 60-1610(a)(1) codifies a longstanding common-law rule. See *Teegarden v. Teegarden*, 155 Kan. 195, 124 P.2d 464 (1942).

We have rarely allowed a retroactive order for child support. One exception involved a divorce decree entered at the time the mother was pregnant. *Matlock v. Matlock*, 223 Kan. 679, 576 P.2d 629 (1978). The decree in *Matlock* expressly reserved the issue of child support for the unborn child. The mother later filed a motion for child support, heard 5 months after the child was born. The trial court ordered child support from the date of the order but did not provide for any retroactive support covering the 5-month period from the date of birth. We reversed, determining that under the *Matlock* facts, a lump sum award for that period was appropriate. 223 Kan. at 685.

In this case, the district court ordered Robert to pay retroactive child support from June 1993 to April 1994 at the same monthly amount previously paid, $597 per month. The payment for May

1994 was increased to $928 based on the child support guideline table. See K.S.A. 60-1610(a)(1)(C).

We reason that the retroactive modification is contrary to the language of 60-1610(a)(1) and prior case law. The district court's order modified the parties' written agreement and support order by continuing the prior obligation to pay through April 1994 and imposing a new obligation to pay increased child support for May 1994. Tawnya graduated from high school on May 22, 1994.

Because Judith did not file her motion until April 28, 1994, Robert reasons that K.S.A. 60-1610(a) blocks her claim for the $928 payment for May. Retroactive support is only authorized "to a date at least one month after the date" the motion was filed. On May 28, 1994, Tawnya was not a bona fide high school student and, consequently, Robert asserts, was no longer under 60-1610(a)(1)(C).

Judith's motion was heard and the order entered on May 10, 1994. The May 1994 payment was due on or before May 15, 1994. We reason that this payment was not retroactive because: (1) Judith's motion was heard 12 days after it was filed; (2) the order was entered early in the month (May 10); (3) Tawnya graduated late in the month (May 22); (4) child support is generally ordered to be paid in monthly amounts because bills often accrue monthly; and (5) the payment would not be past due until May 16, 1994, after the order was entered. A district court has discretion, within the perimeters of statutory policy and case law, in the determination of child support.

Affirmed in part, reversed in part, and remanded.