(107 P.3d 447)
No. 92,332

In the Matter of the Marriage of BYRON D. FUNK, *Appellant,* and WANDA R. FUNK, *Appellee.*

Opinion filed March 4, 2005.

*J. Douglas Miller,* of Miller & Diepenbrock, P.A., of Liberal, for appellant.

*Todd R. Stramel,* Stramel Law Firm, P.A., of Colby, for appellee.

Before MARQUARDT, P.J., MALONE and CAPLINGER, JJ.

CAPLINGER, J.: Byron Funk appeals from the district court's decision holding that he was obligated to pay child support, insurance premiums, and uncovered medical expenses through June 2003 despite his child's attaining the age of 18 in May 2002. We reverse the district court's holding and find that under the circumstances of this case, the trial court erred in interpreting K.S.A. 2004 Supp.

60-1610(a)(1) to allow a retroactive grant of child support and insurance payments beyond June 30 of the school year during which the child became 18 years of age.

Byron and Wanda Funk were divorced on September 10, 1997. The final divorce decree mirrored the terms of a negotiated settlement agreement. At the time of their divorce, Byron and Wanda were the parents of two minor children, Clayton and Landon. Wanda was awarded residential custody of the younger of the two children, Landon. Pursuant to the decree, Byron was ordered to pay $700 per month in child support for Landon's care and support. The divorce decree contained the following language:

"Pursuant to and as required by K.S.A. 2004 Supp. 60-1610 all child support payments shall continue until the child attains the age of 18 years *or if said child reaches 18 years of age before completing the child's high school education, then to continue to June 30 of the school year during which the child became 18 years of age,* if the child is still attending high school. Child support shall further terminate upon emancipation of the child by law or further order of this Court." (Emphasis added.)

Landon turned 18 years old on May 12, 2002, while a junior in high school. At the time of his 18th birthday, Landon was still attending classes for his junior year. Thus, under the parties' divorce decree, Byron's support for Landon terminated on June 30, 2002.

Landon graduated from high school in May 2003. Seven months later, in December 2003, counsel for Wanda filed a motion for indirect contempt of court. The motion was set for hearing on February 18, 2004. At the hearing, the court considered whether Byron was responsible for child support payments, insurance premiums, and medical expenses during Landon's senior year of high school—after Landon's 18th birthday, or more specifically, after June 30, 2002, as agreed upon by the parties.

The trial court entered judgment for Wanda on March 16, 2004. The court found Byron responsible for child support obligations, insurance premiums, and uncovered medical expenses through June 30, 2003. The trial court also awarded Wanda interest and attorney fees.

Byron contends that the trial court's judgment requiring him to pay child support and other obligations beyond June 30, 2002, was contrary to K.S.A. 2004 Supp. 60-1610 and the original divorce settlement agreement.

K.S.A. 2004 Supp. 60-1610 provides the following:

"(a) *Minor children.* (1) *Child support and education.* The court shall make provisions for the support and education of the minor children. . . . Regardless of the type of custodial arrangement ordered by the court, the court may order the child support and education expenses to be paid by either or both parents for any child less than 18 years of age, *at which age the support shall terminate unless*: (A) The parent or parents agree, *by written agreement approved by the court*, to pay support beyond the time the child reaches 18 years of age; (B) the child reaches 18 years of age before completing the child's high school education in which case the support shall not terminate automatically unless otherwise ordered by the court, *until June 30 of the school year during which the child became 18 years of age if the child is still attending high school*; or (C) the child is still a bona fide high school student after June 30 of the school year during which the child became 18 years of age, in which case the court, *on motion*, may order support to continue through the school year during which the child becomes 19 years of age so long as the child is a bona fide high school student and the parents jointly participated or knowingly acquiesced in the decision which delayed the child's completion of high school." (Emphasis added.) K.S.A. 2004 Supp. 60-1610.

The language of K.S.A. 2004 Supp. 60-1610(a)(1) is clear. Under Kansas law, a parent's obligation to pay child support terminates when the child reaches age 18 unless one of three exceptions occur. Thus, Byron's duty to support Landon terminated when Landon turned 18 on May 12, 2002, unless one of the three exceptions applied. We consider the possible application of each of these exceptions below.

*K.S.A. 2004 Supp. 60-1610(a)(1)(A)*

The first exception to the general termination date occurs when the parents of a child agree in a written agreement approved by the court to extend child support beyond a child's 18th birthday. K.S.A. 2004 Supp. 60-1610(a)(1)(A). Here, Wanda and Byron did agree, as reflected in their divorce decree, to continue child support to June 30 of the school year during which Landon turned 18. While Wanda testified that the parties had reached an agreement

during mediation whereby Byron agreed to provide support through Landon's senior year of high school, Wanda conceded that the agreement was not signed by Byron and was never presented to the court for approval. Therefore, while the parties agreed to extend child support to June 30, 2002, they did not agree to extend Byron's child support obligation through Landon's senior year, and this exception cannot support the trial court's ruling.

*K.S.A. 2004 Supp. 60-1610(a)(1)(B)*

Even if the parties had not agreed to extend support through June 30 of the school year in which Landon turned 18, the second exception to the general rule regarding termination of support would have had the same effect. Under K.S.A. 2004 Supp. 60-1610(a)(1)(B), a parent's child support obligation will not automatically cease until June 30 of the school year when the child turns 18. K.S.A. 2004 Supp. 60-1610(a)(1)(B). However, the statute automatically terminates the support obligation on June 30 of that year. Thus, K.S.A. 2004 Supp. 60-1610(a)(1)(B) did not provide authority for the trial court's decision to extend child support through Landon's senior year.

*K.S.A. 2004 Supp. 60-1610(a)(1)(C)*

Wanda contends, and the trial court ruled, that Byron's obligation to provide support for Landon through his senior year is required under K.S.A. 2004 Supp. 60-1610(a)(1)(C) — the third exception to the general rule. However, a careful reading of the statute and a review of the interpretation of that statute by our Supreme Court reveals that K.S.A. 2004 Supp. 60-1610(a)(1)(C) does not apply to the facts before us.

K.S.A. 2004 Supp. 60-1610(a)(1)(C) permits a court to extend child support to continue through the school year during which the child becomes 19 years of age if (1) a motion is filed seeking the extension; (2) the child is still a bona fide high school student after June 30 of the school year during which the child became 18 years of age; and (3) the child's parents jointly participated or knowingly acquiesced in the decision which delayed the child's completion of high school.

In this case, Wanda testified that she did not file a specific motion to extend Byron's child support prior to the indirect motion for contempt of December 9, 2003. Moreover, the extension of child support through June 30, 2003, was only addressed in Wanda's affidavit, which was attached to the contempt motion. However, we need not decide whether the contempt motion and attached affidavit satisfied K.S.A. 2004 Supp. 60-1610(a)(1)(C)'s "motion" requirement. Even assuming an appropriate motion was filed, it was not timely filed.

K.S.A. 2004 Supp. 60-1610(a)(1)(C) permits the court to order support to continue through the school year during which the child becomes 19 years of age "so long as the child is a bona fide high school student and the parents jointly participated or knowingly acquiesced in the decision which delayed the child's completion of high school." We read this language to require that a motion filed pursuant to K.S.A. 2004 Supp. 60-1610(a)(1)(C) seeking an extension of child support through the school year during which the child becomes 19 years of age must be filed while the child is still a high school student.

The Supreme Court's decision in *In re Marriage of Bunting*, 259 Kan. 404, 912 P.2d 165 (1996), supports our conclusion. There, the court held that "a district court has jurisdiction to consider a motion to continue child support until the qualifying 19-year-old completes the school year." 259 Kan. at 409-10.

While Wanda testified at the hearing on the motion that she and Byron jointly decided to hold Landon back a year before he started kindergarten (thus meeting the statute's requirement for joint parental acquiescence in this decision), Wanda did not file her motion while Landon was still in high school. Rather, she waited until nearly 7 months after he had graduated to file the motion.

Wanda attempts to rely on *Bunting* for the proposition that there is no time limit for filing a motion to continue child support and that the trial court's award of retroactive child support was appropriate. *Bunting* supports neither argument.

*Bunting* dealt with a situation similar to but critically distinct from the case before this court. In *Bunting*, the minor child turned 18 in March 1993 while a junior in high school. The father paid

support through June 30, 1993. In April 1994, while the child was still attending her senior year of high school, the mother filed a motion to extend the father's child support obligation. The Supreme Court allowed the extension of the support obligation but refused to award retroactive support. 259 Kan. at 411.

In this case, Wanda did not file a motion to extend child support until December 9, 2003. Landon Funk graduated from high school in May 2003. Pursuant to *Bunting,* we hold the district court did not have jurisdiction to entertain the motion to extend child support filed in December 2003, because it was filed after Landon graduated from high school.

Finally, even assuming a timely motion had been filed, *Bunting* precludes the district court's award of retroactive child support. Noting the rarity of such an award and the specific language of K.S.A. 2004 Supp. 60-1610(a)(1) limiting such a retroactive award, the court in *Bunting* refused to allow a retroactive award from June 1993 until April 1994. 259 Kan. at 410-11. However, the *Bunting* court allowed a payment for May 1994 on the basis that the motion for the extension of child support was filed before the child graduated from high school and the May 1994 payment was not yet due, *i.e.* it was not a retroactive award. 259 Kan. at 410-11.

Under the circumstances presented here, we find *Bunting's* application of the retroactivity provisions of K.S.A. 2004 Supp. 60-1610(a)(1) precludes the trial court's decision awarding child support for Landon's senior year, leaving aside the fact that no motion to extend support was filed until 7 months after Landon graduated.

We do not intend by our decision today to discourage voluntary extension of a parent's child support obligation through a child's senior year if the child turns 18 during the child's junior year, whether such extension is effectuated by written agreement pursuant to 60-1610(a)(1)(A), or simply through voluntary continuation. We hold only that a motion filed pursuant to K.S.A. 2004 Supp. 60-1610(a)(1)(C) to revive and extend a parent's support obligation through a child's senior year can survive only if the motion is filed prior to the child's graduation from high school. Because Wanda Funk filed her motion more than 7 months after Landon's graduation, the child support obligation could not be ex-

tended beyond June 30, 2002, under K.S.A. 2004 Supp. 60-1610(a)(1)(C).

We reverse the trial court's award of child support, insurance premiums, and medical expenses and remand the case for determination of any amounts, interest, and judgments owing prior to June 30, 2002.