NOT DESIGNATED FOR PUBLICATION

No. 123,842

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Parentage of
N.P., by and through C.M., *Appellee*,
and T.P., *Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; JACQUELYN E. ROKUSEK, judge. Opinion filed February 4, 2022. Affirmed.

*T.P.*, appellant pro se.

No appearance by appellee.

Before CLINE, P.J., GREEN, J., and PATRICK D. MCANANY, S.J.

PER CURIAM: This appeal arises out of district court orders regarding child support in a paternity action in which appellant was found to be the father of the child who was born to appellee, the Mother. We will refer to the parties hereafter as Mother and Father.

Mother filed this paternity action pro se on July 18, 2018, alleging that Father was the natural father of her child. She used a standard form paternity petition provided by the Johnson County Help Center. She filed with her petition a proposed parenting plan, again using a standard form from the Johnson County Help Center. Mother's proposed parenting plan called for joint legal custody. In describing her proposed parenting time schedule, she noted that "Mother is in the process of joining the military, child will stay with father while mother attends bootcamp. Once boot camp is complete parental schedule will be determined." She also filed her domestic relations affidavit (DRA).

1

On August 27, 2018, Father filed his voluntary entry of appearance, an acknowledgment of paternity, and his DRA.

The district court took up Mother's petition on September 24, 2018. We have no transcript of the proceedings, but the Journal Entry of Paternity filed that day discloses the following.

Both Mother and Father appeared pro se for the hearing that day. They used a standard form Journal Entry of Paternity from the Help Center to memorialize the proceedings. Both parties signed the journal entry and it was then signed by the district court judge and filed with the court. The journal entry states that Father was found to be the father and "owes a duty to support." The court ordered Father to pay child support of $250 per month effective January 1, 2019. The court approved the agreed parenting plan, which was signed by both parties and left open the issue of parenting time based on Mother's anticipated entry into the military.

There was a bench note entered that day, but we find no authority that gives weight to a bench note when the court has entered a journal entry to memorialize the proceedings.

In April 2019, Father and Mother executed an Agreed Joint Parenting Plan. Mother had retained counsel by this time. This proposed parenting plan stated that "Mother shall pay to Father child support as set out in the Child Support Worksheet filed herewith." The record does not disclose what worksheet the proposed parenting plan was referring to. Moreover, there is nothing in the record to indicate that this proposed plan was ever approved and adopted by the district court.

On January 13, 2020, the court, noting Father's delinquency, ordered him to appear for failing to comply with the court's child support order.

By February 2020, Father had retained counsel to represent him in this matter. On February 5, 2020, Father moved to set aside the original September 24, 2018 journal entry of child support. He asserted in his motion that "by mistake or inadvertence the Journal Entry stated that [he] was to pay child support" and that his obligation "was contrary to the facts of the case." Father requested that his support obligation and the claimed arrearage be set aside.

That same day Father moved to modify the September 2018 child support order, claiming that Father "was to have custody of the minor child, at least on a temporary basis." Father asserted that he had the child most of the time and it was unjust to have him pay child support to Mother. Father requested a modification order to "provide that he does not owe any child support and that he never owed any child support."

On February 17, 2020, Mother, responded that she did not enlist in the military as was contemplated in the proposed plan. Besides, she asserted, Father's motion to set aside the support order was barred by the one-year time limit of K.S.A. 2020 Supp. 60-260(c). She also opposed Father's motion to modify child support.

The initial hearing on Father's failure to pay child support and other motions was held on February 18, 2020. Both parties appeared with counsel. We have no transcript in the record for this hearing, but the journal entry stated that Father's counsel asserted that Father had not made support payments because the child was in his custody, and it was Father's understanding that Mother was supposed to make support payments. Mother's counsel confirmed that Mother did not enlist in the military. The journal entry states that "[b]oth parties [made] statements regarding the current custody arrangements," but there is no record of what was said about the current arrangement. The matter was continued.

On March 2, 2020, Mother moved to modify the parenting plan and the amount of child support. She alleged that the proposed April 2019 parenting plan was filed, but "no Journal Entry or Order of this Court was ever entered so as to make the Proposed Plan effective or enforceable." She confirmed that she did not enlist in the military and stated that she and Father were parenting their child "equally or nearly equally." But she asserts that when Father's work schedule changed he left the child in the care of others, and Father failed to properly meet the child's needs.

On November 10, 2020, according to the Register of Action maintained by the Clerk of the Johnson County District Court, the court held a pretrial conference regarding the various pending motions. The court scheduled a hearing on the motions for January 29, 2021. As directed by the court, Mother filed her DRA, an amended proposed parenting plan, her witness and exhibit list, and her child support worksheet. The court directed Father to do the same, but he failed to do so.

We have no transcript in the record of the proceedings at the January 29, 2021 hearing. The journal entry states that the court "heard the testimony of the parties." The court denied Father's motion to set aside the September 24, 2018 child support order based on K.S.A. 2020 Supp. 60-260(c) because Father's motion was filed more than one year after the September 24, 2018 journal entry was filed. Moreover, the journal entry "was done by agreement of the parties and not by mistake."

The court adopted Mother's parenting plan with modifications. The court also adopted Mother's proposed child support worksheet and ordered Father to pay child support of $559 per month effective April 1, 2020.

ANALYSIS

4

Father appeals. Mother has not submitted an appellee brief in response. Father's pro se appellate brief is rather disjointed and, in many respects, extremely hard to follow. His notice of appeal indicates that he is appealing from the district court's order denying his motions (1) to set aside the September 24, 2018 child support order and (2) to modify the court's child support order.

*The Order for Child Support*

For his first claim, Father argues that the district court's September 24, 2018 child support order ignored the agreement of the parties as to who would pay child support to whom. The journal entry, prepared and approved by the parties and signed by the district court judge, provides that Father will pay $250 per month to Mother as child support for their child.

We generally review a district court's child support award for any abuse of discretion. *In re Marriage of Skoczek*, 51 Kan. App. 2d 606, 607, 351 P.3d 1287 (2015). But here, Father's notice of appeal states that he is appealing the January 28, 2021 order denying his motion to set aside the September 24, 2018 child support order. Father bears the burden of establishing that the district court erred in refusing to grant relief on his motion. Our initial role is to determine whether Father has demonstrated the inadequacy of the evidence presented to support any findings of fact made by the district court in deciding Father's motion. Then we decide—in our de novo review—whether Father has established that the district court erred in any conclusions of law it derived from the facts that were established. See *Gannon v. State*, 305 Kan. 850, 881, 390 P.3d 461 (2017).

Father's motion was premised on the assertion that "by mistake or inadvertence the Journal Entry stated that [Father] was to pay child support." According to the court's journal entry, the court heard the testimony of both parties. But we do not know what testimony and evidence Mother provided to support the district court's decision to deny

5

Father's motion. We certainly cannot speculate as to what was provided. Nor can we speculate that the evidence presented at the hearing was inadequate to establish the district court's findings and to support the district court's conclusion. Father has the obligation to come forward with evidence on the record that establishes error. *Friedman v. Kansas State Bd. of Healing Arts*, 296 Kan. 636, 644, 294 P.3d 287 (2013). He has not done so.

Father's sought relief on February 5, 2020, when he filed his motion set aside the child support order. Father claimed in his motion that the journal entry was the product of a "mistake or inadvertence." This is consistent with K.S.A. 2020 Supp. 60-260(b)(1), which predicated relief on "[m]istake, inadvertence, surprise or excusable neglect." But under K.S.A. 2020 Supp. 60-260(c), a motion on one of these grounds must be filed within one year after "the entry of the judgment or order, or the date of the proceeding." The district court found that there was no mistake. This left Father with his claimed alternative that the journal entry was prepared and submitted to the district court through "inadvertence." Of course, there is the other possibility—there being no indication that the journal entry was the product of some surprise—that the journal entry was prepared through excusable neglect. But either way—inadvertence or excusable neglect—Father waited too long to raise the issue and, as a result, the district court was without statutory authority to set aside the court's order requiring Father to pay child support. See *Wiechman v. Huddleston*, 304 Kan. 80, 86-88, 370 P.3d 1194 (2016).

But Father argues that the journal entry was the product of "a clerical mistake of oversight and omission" in order to avoid the one-year time limit of K.S.A. 2020 Supp. 60-260(c). But that is not what he claimed in his motion to set aside the court's child support order. Father claimed in his motion that the journal entry was the product of a "mistake or inadvertence." The parties prepared the journal entry, signed and approved it, and only then submitted it to the court for approval. In his appellate brief Father attempts to explain this away by stating: "Petitioner, and Respondent, appear[ed] pro se and

inadvertently or without knowledge sign[ed] the document." This falls squarely withing the provision in K.S.A. 2020 Supp. 60-260(b)(1) relating to inadvertence which requires a motion for relief to be filed within one year.

Father also argues that the district court entered the order for child support without regard to the child support guidelines and other relevant evidence. This is a new claim that was not raised before the district court in his February 5, 2020 motions. Generally, issues not raised before the district court cannot be raised on appeal. *Gannon v. State*, 303 Kan. 682, 733, 368 P.3d 1024 (2016). There are several exceptions to this rule, but Father does not explain why we should consider this issue for the first time on appeal as required by Supreme Court Rule 6.02(a)(5) (2022 Kan. S. Ct. R. at 35). See *State v. Godfrey*, 301 Kan. 1041, 1044, 350 P.3d 1068 (2015) (requiring strict enforcement of Rule 6.02[a][5] and holding litigants who fail to comply risk a ruling that the issue is improperly briefed); *In re Estate of Broderick*, 286 Kan. 1071, 1082, 191 P.3d 284 (2008), *cert. denied* 555 U.S. 1178 (2009) (delineating exceptions). Accordingly, we need not consider this newly raised claim.

We find no error in the district court's disposition of Father's claims regarding the September 24, 2018 order for child support.

*The Child Support Arrearage*

Next, Father argues the district court abused its discretion when it ordered him to pay the child support arrearage that accumulated between January 1, 2019, and January 29, 2021.

The child support arrearage was for unpaid support from January 1, 2019, when the child support order initially was effective. That was the order we just considered in Father's first claim of error. That support order was never set aside, and the district court

7

refused to set it aside at the January 29, 2021 hearing. We have already ruled that the district court did not err in refusing to set aside the order upon which the arrearage was predicated. Father ignores this fact and argues: "Upon the motion to modify child support, arrearage should not have been awarded from 2018 through 2020 based on Father's consistent parenting time. Child support accumulated prior to March 3, 2020 was accumulated in error."

Father asked the district court to set aside the unpaid support that had accumulated since the support order had first been entered. It would have been error for the district court to do so. Kansas law provides that child support may be modified whenever circumstances make such a change proper, "'but the modification operates prospectively only.'" *In re Marriage of Schoby*, 269 Kan 114, 117, 4 P.3d 604 (2000). Under K.S.A. 2020 Supp. 23-3005(b), an order modifying child support can only be retroactive "to the first day of the month following the filing of the motion to modify." As stated in *In re Marriage of Blagg*, 13 Kan. App. 2d 530, 531, 775 P.2d 190 (1989), "Kansas follows the general rule that, although a trial court has authority to modify a previous support order, the new order cannot increase or decrease amounts past due." Kansas courts have noted that they "have rarely allowed a retroactive order for child support." *In re Marriage of Bunting*, 259 Kan. 404, 410, 912 P.2d 165 (1996). In *Bunting*, our Supreme Court reasoned a retroactive modification was "contrary to the language of [K.S.A.] 60-1610(a)(1) [now K.S.A. 2020 Supp. 23-3005(b)] and prior case law." 259 Kan. at 411.

The language of K.S.A. 2020 Supp. 23-3005(b), *Schoby*, *Bunting*, and *Blagg*, establish that the district court may not retroactively decrease an amount due for child support—which is what Father was seeking at the district court, and now on appeal.

Also, Father's claim regarding his consistent parenting time fails for lack of support in the record. We have no transcript of the January 29, 2021 proceedings from which we can determine what evidence was presented on the amount of time each parent

spent with the child. The original parenting plan approved by the court simply called for the child to stay with Father while Mother attended bootcamp. But, of course, she never entered the military and never attended bootcamp.

The agreed parenting plan called for a parenting time schedule to be established once bootcamp was over. The parties never submitted an agreed parenting schedule to the district court once it was clear that Mother was not going to enter the military. Instead, Father relies on a claimed de facto plan upon which the parties agreed. But we have no way of knowing what evidence was presented on this point at the hearing. Given the paucity of information about what transpired at the hearing, Father has failed to establish any error by the district court.

Finally, Father apparently misunderstands the retroactivity provision in K.S.A. 2020 Supp. 23-3005(b) cited earlier. Father contends: "On January 29, 2021, district court ordered [Father] to pay arrearage child support in the amount of ($6500.00) dollars. Although [Mother's] motion to deviate from the Agreed Parenting Plan was not filed until March 3, 2020."

First, the court's journal entry of the January 29, 2021 hearing does not require respondent to pay the arrearage. The court merely modified the child support to $559 per month "with the Trustee calculating the arrearage that remains due and owing."

Second, Father seems to believe that because Mother filed her motion to modify child support on March 3, 2020, and because an order granting such a motion to modify can only be retroactive to the "first day of the month following the filing of the motion to modify," that has some effect on the arrearage in child support that accrued prior to March 3, 2020. It does not. That arrearage is unaffected by the filing of Mother's motion. The district court made its order for monthly child support of $559 effective April 1, 2020. Its order had no effect on the outstanding arrearage.

9

We find no error in the district court's refusal to set aside the arrearage in child support owed by Father.

*Reliance on the Child Support Guidelines to the Exclusion of Other Evidence*

For his final point, Father contends that the district court erred when it relied entirely on the child support guidelines and excluded "other relevant evidence regarding the parties['] financial and material circumstances." He contends that the district court limited his testimony and excluded facts alleged by Father which were not "included due to [Mother's] counsel filling out Child Support Worksheet and the court not allowing [Father] to set the record straight."

We find no support in the record to support this contention. All of Father's complaints relate to rulings the district court made during the course of the hearing. Because we have no transcript in the record of these proceedings, we have nothing with which to sort out Father's contention that the court improperly prevented Father from presenting evidence on the parties' circumstances. Father has the burden of establishing error based on the record before us. See *Friedman*, 296 Kan. at 644. Here, we have no record of the crucial proceeding upon which Father's claim of error is founded. Accordingly, this claim fails.

Affirmed.